62323. MONTGOMERY v. THE STATE.

BANKE, Judge.

The defendant appeals his conviction of kidnapping and armed robbery, urging, among other things, that the evidence was insufficient. *Held:*

1. The victim testified that as he was walking toward his car the defendant struck him with a gun, took his wallet and car keys, forced him into the car trunk and drove off. After a drive of some distance, the defendant released the victim from the trunk, forced him into a trash dumpster, and shot him three times. The victim positively identified the defendant both at trial and at a pre-trial lineup. As a

result of a stolen vehicle report, the defendant was apprehended by an officer of the United States Border Patrol in Las Cruces, New Mexico. A pistol found in the car proved to be the property of a security company which had employed him prior to the incident in question. A firearms examiner from the Georgia State Crime Laboratory testified that bullets fired from the weapon matched one taken from the victim's body. From our review of the entire record, we conclude that a rational trier of fact could have found guilt beyond a reasonable doubt. *Stinson v. State,* 244 Ga. 219 (259 SE2d 471) (1979).

2. The defendant contends that the pistol was unlawfully seized without a warrant and should not have been admitted into evidence. He also argues that both the statements made by him concerning the gun and the bullets fired from it were fruits of the illegal search and should also have been excluded. We cannot agree. "The defendant does not have standing to complain of . . . [a] . . . warrantless search of the stolen automobile." *Brinks v. State,* 232 Ga. 13 (205 SE2d 247) (1974). The evidence was properly admitted.

3. In a separate enumeration of error, the defendant contends that the gun found in the stolen car was improperly admitted because the state failed to prove chain of custody, and because the person who retrieved the gun from the car did not testify. Agent Rex of the Border Patrol testified that he sent Agent Ramos to look in the car and that the latter returned with the gun. The gun was positively identified at trial by serial number as being the property of the defendant's former employer and also having fired at least one of the bullets removed from the victim. A "chain of custody question is not involved where distinct and recognizable objects are identified." *Meadows v. State,* 135 Ga. App. 758, 760 (219 SE2d 174) (1975).

4. The defendant also contends that the pretrial lineup was suggestive and tainted the victim's in-court identification. There is no suggestion in defendant's brief that such an objection was made at trial, and we have discovered no such objection from our own investigation of the transcript. Furthermore, we are satisfied both that the lineup was not impermissibly suggestive and that the in-court identification had an independent basis since the victim testified that he and the defendant had engaged in a lengthy face-to-face confrontation prior to the shooting. See *Messer v. State,* 247 Ga. 316 (3) (276 SE2d 15) (1981). This enumeration of error is without merit.

5. The defendant also contends that the trial court erred in permitting the state to reopen its case to present the testimony of a witness who had observed the defendant driving a car resembling that taken from the victim after the crimes were committed. Such a

ruling is in the sound discretion of the court, and absent a showing of prejudice does not afford ground for reversal. See *Gooch v. State,* 155 Ga. App. 708 (2) (272 SE2d 572) (1980). We perceive no prejudice.

6. In closing argument the district attorney remarked: "In this case, of course, there is no evidence other than the evidence presented by the state." Defendant contends that this comment was an impermissible comment upon his failure to testify and that the trial court erred in denying his motion for mistrial. Recent decisions of both this court and the Supreme Court hold to the contrary. See *Jordan v. State,* 239 Ga. 526, 527 (238 SE2d 69) (1977); *Redding v. State,* 151 Ga. App. 140, 141 (259 SE2d 146) (1979).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 8, 1981 —

*Louise T. Hornsby,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys,* for appellee.

