63473. HAMBRIGHT v. THE STATE.

DEEN, Presiding Judge.

Terry Hambright brings this appeal following his conviction of theft by receiving a motor vehicle, alteration of a motor vehicle identification number and unauthorized use of a registration plate following the denial of his motion for a new trial.

1. A police officer may stop an individual where there is a "reasonable articulable ground" for detention which can be less than probable cause to make an arrest or conduct a search, but must be more than a mere caprice or arbitrary harassment. *Allen v. State,* 140 Ga. App. 828, 830 (232 SE2d 250) (1976). Here, the stop was justified because the police had been informed that appellant was driving a stolen automobile. As to appellant's claim that he was illegally arrested, we find this assertion to be without merit because both he and the officers testified that he was not arrested. Appellant has no standing to object to the warrantless search of a stolen automobile. *Brinks v. State,* 232 Ga. 13 (205 SE2d 247) (1972); *Montgomery v. State,* 159 Ga. App. 446 (283 SE2d 663) (1981).

2. The trial court did not err in admitting three of the state's exhibits. The photograph of an automobile frame which has its vehicle identification number welded over was identified as that of a Corvette which was brought to the witness' garage and the vehicle identification plate on this piece matched that of the stolen Corvette which appellant was driving. Appellant was charged with a violation

of Code Ann. § 68-434a, Falsified Motor Vehicle Identification Number.

The other two exhibits are photographs of a Corvette frame (the second is a closeup of the vehicle identification number which is on this frame). This frame was identified by its VIN number as having been stolen in Tennessee. The witness who identified these photographs testified that he accompanied appellant to the creek where this frame was found sometime during the fall of 1980 and assisted him in placing it in the creek. As the evidence showed that appellant was charged with stealing a Corvette and that he exchanged certain parts of this vehicle with parts of other Corvette automobiles, this evidence is admissible as an exception to the "other crimes" rule because it bears upon the identity of articles connected with the offense, proves intent and modus operandi. *Hamilton v. State,* 239 Ga. 72 (235 SE2d 515) (1977).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MARCH 11, 1982 —
REHEARING DENIED MARCH 31, 1982.

*Richard D. Allen, Jr.,* for appellant.
*Stephen A. Williams, District Attorney,* for appellee.