72203. BOULDIN v. THE STATE.
(346 SE2d 871)

CARLEY, Judge.

Following a mistrial, appellant was re-tried before a jury and found guilty of violating two county ordinances relating to dogs. He

appeals from the judgment of conviction and sentence entered on the verdict.

1. Appellant contends that, in several respects, the verdict was contrary to the evidence. After a thorough review of the record, we find that any rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant enumerates as error the trial court's consideration of and denial of a motion for its recusal. "[W]hen a trial judge in a case pending in that court is presented with a motion to recuse accompanied by an affidavit, the judge's duty will be limited to passing upon the legal sufficiency of the affidavit, and if, assuming all the facts alleged in the affidavit to be true, recusal would be warranted, then another judge must be assigned to hear the motion to recuse." *State v. Fleming*, 245 Ga. 700, 702 (267 SE2d 207) (1980). In order to be legally sufficient, a motion to recuse must be made at the first opportunity after the facts demonstrating the basis for asserted disqualification are known. *Hunnicutt v. Hunnicutt*, 248 Ga. 516, 518 (283 SE2d 891) (1981). With one exception, the disqualifying incidents described in appellant's affidavit supporting his motion occurred before the first trial. However, it was not until the second trial that the motion to recuse was filed. To the extent that appellant relied on these allegations, his motion was not timely and the opportunity to seek recusal was waived. *Hunnicutt v. Hunnicutt*, supra; *Romine v. State*, 170 Ga. App. 559 (317 SE2d 547) (1984); *Brock v. State*, 170 Ga. App. 559 (317 SE2d 547) (1984). With regard to the remaining ground alleged as a basis for recusal, appellant did not allege or make the required showing that the trial court was *in fact* prejudiced against him. See *Penny v. State*, 157 Ga. App. 737, 737-738 (1) (278 SE2d 460) (1981). Appellant's motion to recuse being legally insufficient, the trial court did not erroneously refuse to allow another judge to hear it and did not err in denying the motion itself. *Hunnicutt v. Hunnicutt*, supra at 519.

3. Relying on OCGA § 17-3-3, appellant asserts that the trial court erred in denying his plea of former jeopardy. As no nolle prosse was ever entered in this case, § 17-3-3 is not applicable. Moreover, under the existing factual circumstances, even if a nolle prosse had been entered following the mistrial, OCGA § 17-3-3 would still not bar appellant's second trial. See *Kyles v. State*, 254 Ga. 49 (326 SE2d 216) (1985).

Asserting that it was prosecutorial misconduct that caused the earlier mistrial, appellant urges that his re-trial for the same offense should be barred. The mistrial was granted because the trial court interpreted certain remarks in the prosecutor's closing argument to be

improper comments on appellant's failure to testify. However, in ruling on appellant's plea of former jeopardy, the trial court found that there had been no intentional overreaching motivated by bad faith on the part of the prosecutor, and that the State was therefore entitled to re-try appellant. *Studyvent v. State*, 153 Ga. App. 161 (264 SE2d 695) (1980). Moreover, the trial court also noted that it had incorrectly granted appellant's motion for mistrial, as the prosecutor's statements had been proper. *Montgomery v. State*, 159 Ga. App. 446 (283 SE2d 663) (1981). These findings are supported by the record. Accordingly, the trial court did not err in denying appellant's plea of former jeopardy.

4. Appellant enumerates as error the admission of testimony concerning prior similar acts of allowing his dog to run loose. Since no objections were raised at trial to this testimony, appellant is precluded from raising them on appeal. *Wilbanks v. State*, 176 Ga. App. 533, 534 (2) (336 SE2d 312) (1985).

5. Appellant contends that the trial court erred in failing to charge on impeachment by false swearing as provided in OCGA § 24-9-85 (b) and in giving instructions which were contradictory and confusing.

Although appellant asserts that he requested a charge on OCGA § 24-9-85 (b), we find none in the record. There is authority for the proposition that under certain circumstances, a charge on this section should be given even absent a request. See *Hill v. State*, 159 Ga. App. 489, 490 (2) (283 SE2d 703) (1981). However, the record shows that such circumstances did not exist in the instant case. Accordingly, there was no error in failing to give the charge.

We find nothing in the transcript of the trial court's charge to support appellant's contention that it was contradictory and confusing. Furthermore, appellant has not shown how he was harmed by the alleged defects in the charge. See *Taylor v. State*, 127 Ga. App. 692 (194 SE2d 627) (1972).

6. Appellant's enumeration of error regarding an alleged violation of the rule of sequestration is the first time that the issue has been raised. No objection having been made during trial, the enumeration is not properly before this court. *Wilbanks v. State*, supra.

7. Appellant asserts that reversal is mandated because a portion of the affidavit supporting the accusation against him was found to be perjured. Since the accusation was not the basis for the issuance of an arrest warrant, no affidavit was necessary to support it. OCGA § 17-7-71 (a). Furthermore, the record contains neither findings of nor admissions of perjury. Trying appellant on the accusation was proper and this enumeration is without merit.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JUNE 18, 1986.

*Phillip Louis Rupert*, for appellant.
*John C. Carbo, Solicitor*, for appellee.