A89A1175, A89A1176. JARALLAH v. PICKETT SUITE HOTEL et al. (two cases).
(388 SE2d 333)

DEEN, Presiding Judge.

The pro se appellant, Taj Jarallah, commenced this action against the appellees on March 3, 1988, concerning his termination from employment. On June 21, 1988, the trial court ordered the appellant to appear for a deposition, but the appellant refused to do so. On June 23, 1988, the appellant filed a notice of appeal from the above discovery order. By order dated October 4, 1988, but entered on October 11, 1988, the trial court dismissed the appellant's notice of appeal from the discovery order since that order was not a final judgment and the appellant had not observed the interlocutory appeal procedure, and also dismissed the appellant's complaint as a sanction for his refusal to comply with the trial court's earlier discovery order. On October 14, 1988, the appellant filed a motion to vacate and

set aside the judgment pursuant to OCGA § 9-11-60 (d), and also a motion to recuse the trial court, accompanied by an affidavit in which the appellant merely alleged that the trial court was not impartial. On November 2, 1988, the appellant filed a notice of appeal from the order of October 11, 1988. (Case No. A89A1175.) On January 24, 1989, the trial court denied the appellant's motion to set aside and the motion to recuse, and the appellant filed another notice of appeal from that order on January 27, 1989. (Case No. A89A1176.) *Held*:

### Case No. A89A1175

1. The only real issue in this case is whether, pursuant to OCGA § 9-11-37 (d), the trial court abused its discretion in dismissing the appellant's complaint for failure to comply with the trial court's discovery order compelling the appellant's appearance for a deposition. The only reasons given for the appellant's conscious refusal to attend the deposition included the work product privilege and the Fifth Amendment privilege against self-incrimination. The work product privilege contained in OCGA § 9-11-26 (b) pertains to "documents and tangible things" and provides no basis for a party, even a party representing himself, to refuse to appear for a deposition. The appellant's contention that the Fifth Amendment protects him from appearing at a deposition likewise is untenable. See *Savannah Surety Assoc. v. Master*, 240 Ga. 438 (241 SE2d 192) (1978).

"The sanction of dismissal for failure to comply with discovery provisions of the Civil Practice Act requires only ' " ' 'a conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance.' " ' [Cit.] 'A conscious or intentional failure to act' is in fact 'wilful.' [Cit.]" *Bells Ferry Landing, Ltd. v. Wirtz*, 188 Ga. App. 344 (373 SE2d 50) (1988). The appellant presented no legitimate excuse for failing to comply with the trial court's discovery order, and the trial court did not abuse its discretion in dismissing the appellant's complaint.

2. The appellant's other enumerations of error are also without merit.

### Case No. A89A1176

3. To the extent that this direct appeal concerns the trial court's denial of the appellant's motion to set aside, it must be dismissed, because such appeals require the discretionary appeal procedures. OCGA § 5-6-35 (a) (8). To the extent that the appellant's motion to vacate and set aside judgment was nothing more than a motion for reconsideration, the appeal was untimely and also must be dismissed. *Miller v. Bank of the South*, 177 Ga. App. 42 (338 SE2d 436) (1985). Concerning the denial of the appellant's motion to recuse, there cer-

tainly was no error. Rule 25.1 of the Uniform State Court Rules requires any motion to recuse to be filed not later than 5 days after the movant first learns of the ground for disqualification and not later than 10 days before the hearing or trial which is the subject of recusal. In this case, although the appellant filed an unserved affidavit in June 1988 complaining that the trial court was not giving him a fair shake, the only motion to recuse was that filed on October 14, 1988, after the final disposition of the case. The motion was untimely and properly denied. Further, the affidavit filed in support of the motion, which stated no facts and merely accused the trial court of bias, would have been legally insufficient to necessitate a hearing on the motion. *State v. Fleming*, 245 Ga. 700 (267 SE2d 207) (1980); see also *Bouldin v. State*, 179 Ga. App. 394 (346 SE2d 871) (1986).

4. These appeals being patently frivolous, pursuant to Rule 26 (b) of the Rules of the Court of Appeals, a penalty of $200 is assessed against the appellant. Pro se litigants are no less entitled to use the courts in civil matters than litigants with attorneys. "No democracy will survive if it rations justice." (Justice Learned Hand.) Yet, where one elects to use the court system, court orders and rules may not be totally ignored with impunity. The dissent would make it extremely difficult, if not impossible, ever to impose frivolous appeal damages against any pro se litigant.

*Judgment in Case No. A89A1175 affirmed; Case No. A89A1176 dismissed in part and affirmed in part. Carley, C. J., Banke, P. J., Birdsong and Sognier, JJ., concur. McMurray, P. J., Pope, Benham and Beasley, JJ., concur in part and dissent in part.*

BENHAM, Judge, concurring in part and dissenting in part.

While I concur in Divisions 1, 2, and 3 of the majority opinion, I cannot concur in Division 4, which imposes a penalty on appellant. I support the imposition of penalties in some cases, but I do not favor such an imposition against this pro se litigant. It appears that appellant has diligently pursued his rights, but due to his unfamiliarity with the procedural aspects of the law, he filed a direct rather than an interlocutory appeal. Moreover, the basis of his appeal is not so patently frivolous, particularly from a layman's point of view, that a penalty of this nature should be imposed against him. I am also concerned that the imposition of the penalty here will be viewed as retribution for appellant's having accused the trial court of being partial and for having exercised his right of self-representation. In situations such as this, our judicial system is strong enough to withstand accusations, even when unfounded, without resorting to harsh penalties.

The majority correctly quotes Justice Learned Hand in stating, "No democracy will survive if it rations justice." However, it inappropriately applies the statement by using it as a justification for the

imposition of penalties. In making the statement, Justice Hand wanted us to look to the substance of the legal process rather than just the form. To assure the vitality of the legal process it is not enough just to keep the courthouse doors open during business hours, we must work to make the court system "user friendly." The founding fathers must have intended for lay persons to have access to our courts since many of the drafters of the United States Constitution were non-lawyers, and even until modern times many members of the United States Supreme Court were non-lawyers.

The crowning glory of our legal system is its accessibility, and we should be very cautious in limiting access to our courts, for to do otherwise we run the risk of rationing justice. This is a risk that I am unwilling to run. Therefore, I respectfully dissent.

BEASLEY, Judge, concurring in part and dissenting in part.

I, too, concur in Divisions 1, 2, and 3 of the majority opinion. I do not concur in the decision to impose a penalty. This court adopted a rule, Rule 26 (b), stating that it may impose a penalty not to exceed $500 in civil cases "which the Court determines to be frivolous." This rule is almost identical to Rule 14 of the Supreme Court of Georgia, which preceded it, except that the Supreme Court may assess the appellant's counsel or appellant, whereas this court chose only to allow assessment against appellant.

The question is whether the appeal is so frivolous that the appellant should be penalized monetarily for having brought it, and not merely be left with having lost the appeal. Frivolous in whose eyes? The Court's, as stated in the rule. This test, and the perspective somewhat, differ from OCGA § 5-6-6, by which the legislature provided that the court could impose a penalty of 10 percent of the judgment, in money judgment cases, when in the court's opinion the appeal "was taken up for delay only." In cases being considered under this statute, the appellant's purpose for filing an appeal is the test, as measured by the Court's perspective.

The fact that three other judges of this court consider the appeal not to be frivolous such as to warrant a monetary penalty for bringing it, moves this case away from those where the settled law makes the outcome obvious. Here the plaintiff questions the dismissal of his lawsuit with prejudice as a sanction for refusing to appear for a deposition, the posture on appeal being whether the trial court abused its discretion. Considering the nature of this appeal, plus the facts heretofore mentioned, as well as all of the circumstances, I would not impose what amounts to an additional penalty on appellant.

I am authorized to state that Judge Pope joins in this opinion.

Decided October 10, 1989 —
Rehearing denied October 30, 1989 — 

Taj Jarallah, *pro se.*
*Stokes, Lazarus & Carmichael, Frederick L. Warren III, Michael A. Young,* for appellees.