(826 P.2d 522)

No. 66,176

STATE OF KANSAS, *Appellee*, v. MARION L. WICKLIFFE, *Appellant*.

—

Opinion filed January 17, 1992.

*Wendy L. Rhyne Slayton*, assistant appellate defender, and *Steven R. Zinn*, deputy appellate defender, for the appellant.

*Robin A. Lewis*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before LEWIS, P.J., BRAZIL, J., and JOHN M. JAWORSKY, District Judge, assigned.

LEWIS, J.: The defendant, Marion L. Wickliffe, was convicted by a jury of the crime of theft of an automobile. He appeals that conviction, arguing that the trial court erred in failing to instruct the jury on the lesser included crime of deprivation of property. We agree and reverse and remand.

The defendant first came to the attention of the police by driving the purloined vehicle north on State Line Road in Lea-

wood at 2:30 a.m. with its headlights off. After observing this event, the officers gave chase and finally cornered the defendant on the second level of a parking garage. The defendant was asked for some identification and could only produce a military identification card. When asked who owned the car, the defendant stated that it belonged to his girlfriend's mother, whom he identified as Andrea Whitehorse. The officers became further suspicious when, upon questioning, the defendant could not advise them of his girlfriend's name or address.

At some point during the interrogation, one of the officers observed a wallet lying on the floorboard of the car. This wallet was confiscated by the police and was found to contain the identification of Doris Scott.

Ms. Scott was then contacted by the police and asked if her car was missing. Upon checking the location where the vehicle was last parked, she advised the officers that it was missing. She stated that she had last seen it at 11 p.m.

In addition to his complaints about jury instructions, the defendant argues that the trial court erred in failing to suppress evidence concerning the wallet found in the vehicle by the police.

## LESSER INCLUDED OFFENSE INSTRUCTION

The defendant argues that the trial court erred in refusing to instruct the jury on the crime of unlawful deprivation of property as a lesser included offense. We view this contention as meritorious.

*State v. Fike*, 243 Kan. 365, 757 P.2d 724 (1988), has become the lightning rod for all lesser included offense decisions in this state. In many instances, *Fike* has overruled, explicitly and by implication, many prior Supreme Court decisions defining what is and is not a lesser included offense. It is safe to say that, since *Fike* was filed, many newly discovered lesser included offenses have been revealed by the application of the two-prong test required by *Fike*. The net result is that the definition of a lesser included offense has become an ever-changing exercise of judicial fancy. The *Fike* decision has its quicksilver qualities, which makes the issue one which changes from factual scenario to factual scenario.

We, therefore, begin our analysis by observing that *State v. Keeler*, 238 Kan. 356, Syl. ¶ 8, 710 P.2d 1279 (1985), specifically holds that unlawful deprivation of property is a lesser included offense of theft. *Keeler*, however, is pre-*Fike* and cannot be relied upon without determining whether it can survive the *Fike* analysis. Without unduly prolonging this opinion, we have applied the statutory elements test of *Fike* to the matter at hand. That application shows us that *Keeler* is in harmony with *Fike* and remains good law. We hold that unlawful deprivation of property was and remains a lesser included offense of the crime of theft.

There is more to the issue than the mere conclusion that one crime is a lesser included offense of the other. In this state, the duty to instruct on lesser included offenses arises only if there is some evidence on which the defendant might reasonably be convicted of the lesser crime. *State v. Bishop*, 240 Kan. 647, Syl. ¶ 7, 732 P.2d 765 (1987); *State v. Keeler*, 238 Kan. at 365. The law requires that some evidence be offered to support the lesser offense. *State v. Armstrong*, 240 Kan. 446, 459, 731 P.2d 249, *cert. denied* 482 U.S. 929 (1987). "[I]n order for the evidence to be sufficient to require instructions on lesser included offenses, testimony supporting such instructions must be offered either by the State or the defense for the purpose of proving what events occurred." *State v. Patterson*, 243 Kan. 262, 267, 755 P.2d 551 (1988). The evidence presented need not be overwhelming; an instruction of a lesser included offense must be given even if the evidence supporting it is weak and inconclusive and based solely on the testimony of the defendant. *State v. Eaton*, 244 Kan. 370, 374, 769 P.2d 1157 (1989); *State v. Hill*, 242 Kan. 68, Syl. ¶ 3, 744 P.2d 1228 (1987); *State v. Staab*, 230 Kan. 329, 339, 635 P.2d 257 (1981).

The difference between theft and unlawful deprivation of property is in the intent of the perpetrator. Theft requires an intent to *permanently* deprive the owner of his or her property. K.S.A. 21-3701. Unlawful deprivation of property involves an intent to *temporarily* deprive the owner of the use and possession of his or her property. K.S.A. 21-3705.

As we view it, if the evidence is such as to exclude the possibility of an intent to temporarily deprive the owner of his or her property, the lesser included offense instruction need not be

given. For example, in *State v. Keeler*, 238 Kan. 356, the evidence indicated that the stolen vehicle had been gone for nine days. Further, the defendant in *Keeler* denied that he took the vehicle and that he ever had possession of it. Under these circumstances, the Supreme Court held that there was no evidence to sustain a lesser included offense instruction. In *State v. Grauerholz*, 232 Kan. 221, 654 P.2d 395 (1982), the defendant took money from another, deposited it in his own account, and proceeded to spend it. The Supreme Court reasoned that his actions were inconsistent with any intent to merely temporarily deprive the owner of his money. Thus, the court held the unlawful deprivation of property instruction was neither necessary nor appropriate.

In the instant matter, there is very little evidence to indicate just what the intent of the defendant may have been. On the one hand, the car had only been missing for at most three and one-half hours and there was no evidence as to when the defendant may have come into possession of it. This evidence, indicating that the defendant had only been in possession of the car a relatively short time, might have sustained an unlawful deprivation of property charge. On the other hand, the defendant lied about whom the vehicle belonged to and attempted to elude the authorities. This evidence could be construed as indicative of an intent to permanently deprive.

It appears to us that, where there is no real evidence as to what the defendant's intent may have been, that issue is left for the jury to determine. Under such circumstances, a jury would be free to conclude that the defendant was guilty of unlawful deprivation of property or of theft, depending upon its reading of his intent.

Based upon the paucity of direct or circumstantial evidence to indicate the defendant's intent, we hold that the trial court erred in refusing to give an instruction on unlawful deprivation of property. Our holding requires that we reverse the defendant's conviction and remand for a new trial.

## MOTION TO SUPPRESS

The defendant argues that the trial court erred in refusing to suppress the introduction into evidence of the wallet seized from

the stolen vehicle. Although we need not necessarily reach this issue in view of our decision to reverse and remand, we do so because of its implications in a retrial.

The trial court appears to have denied the motion to suppress on the grounds that such a motion was required to be filed in writing before trial was commenced. Based upon the failure of defense counsel to file the motion in writing prior to trial, the motion was denied. Our review of the law convinces us that the trial court erred in refusing to consider the motion for the reasons stated.

K.S.A. 22-3216 requires that any party seeking to have evidence suppressed must file a written motion before the commencement of trial. However, as with so many rules, there is an exception. K.S.A. 22-3216(3) states: "The motion [to suppress evidence] shall be made before trial, in the court having jurisdiction to try the case, *unless opportunity therefor did not exist or the defendant was not aware of the ground for the motion, but the court in its discretion may entertain the motion at the trial.*" (Emphasis added.)

Based upon this provision in the statute, we hold that the trial court does have discretion to entertain a motion for suppression after the commencement of the trial. In this case, however, the trial court did not exercise that discretion and denied the motion because it was not filed in writing prior to trial.

It was error for the court to summarily dismiss the motion without exercising its discretion and evaluating whether the defendant came within the exception listed in the statute. If the defendant was correct in his assertion that he was not aware of the grounds for the motion prior to trial, then the trial court had the discretion to consider the motion on its merits.

Even though we conclude the trial court erred in refusing to consider the motion, that is of little comfort to the defendant. We conclude that, based on the facts shown, the defendant lacked standing to raise the issue of illegal search and seizure. In addition to that, we are convinced that any error that took place in admitting the wallet was harmless.

It is a well-established principle of the Fourth Amendment to the United States Constitution and Section 15 of the Bill of Rights of the Kansas Constitution that defendants may only claim the

benefits of the exclusionary rule if their own Fourth Amendment rights have, in fact, been violated. *United States v. Salvucci*, 448 U.S. 83, 65 L. Ed. 2d 619, 100 S. Ct. 2547 (1980). "The established principle is that suppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence." *Alderman v. United States*, 394 U.S. 165, 171-72, 22 L. Ed. 2d 176, 89 S. Ct. 961 (1969). See *State v. Sanders*, 5 Kan. App. 2d 189, 192, 614 P.2d 998 (1980).

The basic test to determine whether a person has standing to challenge the validity of the search is not whether the person had a possessory interest in the items seized, but whether he had a legitimate expectation of privacy in the area searched. *Rawlings v. Kentucky*, 448 U.S. 98, 104, 65 L. Ed. 2d 633, 100 S. Ct. 2556 (1980); *United States v. Salvucci*, 448 U.S. at 92; *Rakas v. Illinois*, 439 U.S. 128, 134, 58 L. Ed. 2d 387, 99 S. Ct. 421 (1978), *reh. denied* 439 U.S. 1122 (1979); *State v. Whitehead*, 229 Kan. 133, Syl. ¶ 2, 622 P.2d 665 (1981); *State v. Huber*, 10 Kan. App. 2d 560, Syl. ¶ 4, 704 P.2d 1004 (1985).

It is clear that a person who does not have an ownership or possessory interest in the property searched has little legitimate expectation of privacy in that property. *State v. Strayer*, 242 Kan. 618, 620, 750 P.2d 390 (1988); *State v. Sanders*, 5 Kan. App. 2d at 193-95. Based on Kansas case law, the lack of ownership or possessory interest is dispositive on the issue of standing.

In *State v. Sanders*, we held that a driver, who was not the owner of the car searched but who had permission to use the car, had standing to object to a search of the vehicle. Our reasoning was that the possessory right of the defendant to the vehicle put him in the same position as an owner, thus entitling him to the same expectation of privacy. Similarly, in *State v. Boster*, 217 Kan. 618, Syl. ¶ 2, 539 P.2d 294 (1975), the Supreme Court held that one who is driving a vehicle at the time of his arrest with the apparent consent of the owner has a sufficient possessory interest in the vehicle to challenge the search.

The results reached in *Sanders* and *Boster* can be contrasted with that reached in *State v. Strayer*, 242 Kan. 619. In *Strayer*, the defendant did not have any ownership interest in the aircraft

searched; he was simply a passenger. Under this scenario, the court held that the defendant did not have a legitimate expectation of privacy in the aircraft. 242 Kan. at 620. In addition, in *State v. Masqua*, 210 Kan. 419, 421, 502 P.2d 728 (1972), the court held that a person who is a trespasser and not legitimately on the premises searched has no interest in the premises sufficient to challenge the search. In *State v. Edwards*, 197 Kan. 146, 147-48, 415 P.2d 231 (1966), the court held that one cannot challenge the validity of the search of a premises or property which he does not own, lease, control, lawfully occupy, or rightfully possess.

It is clear to us that the thief of an automobile has neither an ownership nor a possessory interest in the property stolen. As a result, that individual cannot have a legitimate expectation of privacy in the vehicle stolen and does not have standing to object to the search of the vehicle and seizure of items therefrom. Accordingly, we hold that the defendant had no legitimate ownership or possessory interest in the stolen vehicle and no legitimate expectation of privacy in that vehicle. Accordingly, we hold that he had no standing to object to the search and seizure of the vehicle.

Although there appears to be no Kansas case law directly holding that the thief of a vehicle does not have a sufficient privacy interest in the car to challenge the search, several decisions of our sister states are in accord. See *Hill v. State*, 299 Ark. 327, 332, 773 S.W.2d 424 (1989); *Hambright v. State*, 161 Ga. App. 877, 289 S.E.2d 24 (1982); *Mendelvitz v. State*, 416 N.E.2d 1270, 1274 (Ind. App. 1981); *State v. Wickline*, 232 Neb. 329, 334, 440 N.W.2d 249 (1989); *Jackson v. State*, 745 S.W.2d 4, 7-8 (Tex. Crim. 1988); and *State v. Zakel*, 61 Wash. App. 805, 807, 812 P.2d 512 (1991).

Our research of the law demonstrates that the overwhelming majority of decisions in this country hold that, if a car is stolen, the occupant has no legitimate expectation of privacy in the vehicle and, thus, no standing to challenge the search. We join our sister states in the imposition of that rule.

Finally, even if we assume the defendant had standing, any error that took place was harmless. The admission of evidence secured by an unreasonable search and seizure, which is cu-

mulative in nature and does not result in prejudice to or affect the substantial rights of the defendant, is not reversible error. *State v. Wood,* 197 Kan. 241, Syl. ¶ 4, 416 P.2d 729 (1966). In the instant matter, there was no prejudice to the defendant by the admission of this evidence, and his substantial rights were not affected by the admission of the wallet found in the car at the time of the arrest.

Reversed and remanded for a new trial consistent with this opinion.