No. 122,253

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT CASH SCHEUERMAN,
*Appellant*.

SYLLABUS BY THE COURT

1.

The Fourth Amendment to the United States Constitution protects the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. However, a defendant must have a reasonable expectation of privacy in the place searched before determining whether such defendant's Fourth Amendment rights were violated.

2.

A person who lacks an ownership or possessory interest in the property searched lacks a legitimate expectation of privacy in that property.

3.

When the sufficiency of the evidence is challenged in a case decided on stipulated facts, an appellate court's review is unlimited, but the facts are still viewed in the light most favorable to the State when testing their sufficiency. Moreover, a defendant is precluded from challenging factual evidence within a stipulation by entering into a stipulation of facts, but a defendant can still challenge the legal effect of the stipulated facts.

4.

K.S.A. 2020 Supp. 21-5109(b) defines lesser included offenses as including not only offenses in which the elements of the lesser crime are identical to some of the elements of the crime charged, but also lesser degrees of the same crime.

5.

If the facts are sufficient to convict the defendant of the charged crime, those same facts are also sufficient to convict on any lesser included offense, provided all the elements of the lesser included offense are identical to some of the elements of the crime charged. This is not so where the lesser included offense is a lesser degree of the charged crime and all its elements are not identical to some of the elements of the charged crime.

6.

Possession of methamphetamine with intent to distribute contrary to K.S.A. 2020 Supp. 21-5705(d)(3)(B), a severity level 3 drug felony, is a lesser included offense of possession of methamphetamine with intent to distribute contrary to K.S.A. 2020 Supp. 21-5705(d)(3)(C), a severity level 2 drug felony, because it is a lesser degree of the same crime.

7.

Evidence establishing that a defendant possessed at least 3.5 grams but less than 100 grams of methamphetamine is insufficient to satisfy the quantity element of possessing methamphetamine with intent to distribute contrary to K.S.A. 2020 Supp. 21-5705(d)(3)(B) because the quantity of drugs possessed is outside the element requiring possession of at least 1 gram but less than 3.5 grams.

Appeal from Barton District Court; CAREY L. HIPP, judge. Opinion filed April 16, 2021. Affirmed in part, conviction reversed, and sentence vacated.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*J. Colin Reynolds*, assistant county attorney, *M. Levi Morris*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., GREEN and HILL, JJ.

POWELL, J.: Robert Cash Scheuerman was charged, inter alia, with possession of methamphetamines with intent to distribute following a traffic stop and search of the vehicle he was riding in. Scheuerman sought to suppress the evidence from the search, but the district court denied the motion. Following a bench trial on stipulated facts, the district court found Scheuerman guilty of a less severe version of possession of methamphetamine with intent to distribute.

Scheuerman now appeals both the district court's denial of his suppression motion and its guilty finding. For reasons more fully explained below, we find Scheuerman lacks standing to challenge the legality of the search because he lacked a reasonable expectation of privacy in the automobile. But we agree with Scheuerman that insufficient evidence supports his conviction for the less severe version of possession of methamphetamine with intent to distribute because the quantity of methamphetamines he stipulated to possessing does not satisfy the quantity element of the crime. Thus, we affirm the district court's denial of Scheuerman's motion to suppress, but we reverse his conviction and vacate his sentence.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 8, 2016, Detective David Paden of the Barton County Sheriff's Office was on the lookout for Scheuerman, who had an active arrest warrant. Paden saw a silver Chrysler, which he associated with Scheuerman, drive past him. Paden pulled alongside

the car and identified Scheuerman as the passenger, prompting him to initiate a traffic stop. Paden radioed for backup because he had information that Scheuerman would not allow himself to "go peaceably."

Paden ordered the driver and owner of the car, Gwen Finnigan—Scheuerman's girlfriend—out of the vehicle. As Paden and Sergeant Lloyd Lewis approached the vehicle, they noticed Scheuerman holding a gun to his temple. In accordance with the Sheriff's Office policy, Finnigan was taken to the county jail because Scheuerman had a gun. Following a stand-off lasting over an hour, Scheuerman finally put the gun down, got out of the car, and surrendered to the officers. While being placed in Paden's patrol vehicle, Scheuerman told Paden any "dope" in the car belonged to him, not Finnigan. During the stand-off, Finnigan remained detained at the jail until the situation was resolved.

The Sheriff's Office decided to impound the car because it was blocking traffic. Lewis first retrieved the gun from the car and then performed an inventory search. During the search, Lewis found methamphetamine in a black backpack, which also held a holster and a magazine for the gun.

These events prompted the State to charge Scheuerman with possession of methamphetamine with intent to distribute at least 3.5 grams but less than 100 grams, criminal possession of a firearm, interference with law enforcement, possession of drug paraphernalia, and no drug tax stamp.

Scheuerman sought to suppress the evidence obtained from the search of the car, alleging the officers lacked probable cause to stop the car initially or to search it. Following an evidentiary hearing, the district court denied the motion.

Scheuerman agreed to a bench trial based on stipulated facts to preserve his objection to the denial of his suppression motion. In exchange for his admission to certain incriminating facts, the State agreed to amend the first count to the lesser charge of possession of methamphetamine with intent to distribute at least 1 gram but less than 3.5 grams. It also agreed to dismiss all the other charges against Scheuerman.

The district court found Scheuerman guilty of the amended charge and sentenced him to 73 months in prison with 36 months' postrelease supervision.

Scheuerman timely appeals.

I.     DID THE DISTRICT COURT ERR BY DENYING SCHEUERMAN'S SUPPRESSION MOTION?

Scheuerman argues the district court erred when it denied his motion to suppress the evidence from the search. Scheuerman asserts the inventory search was illegal because the police did not have a reason to impound the car; instead, they should have asked Finnigan what she wanted done with the car.

The State responds first by arguing Scheuerman lacked the standing to challenge the search because he did not own the car. Alternatively, it also argues law enforcement had probable cause to search the car and there was nothing improper about the inventory search.

*Standard of Review*

We apply a bifurcated standard of review when reviewing a district court's decision on a motion to suppress. We review the district court's factual findings to determine whether they are supported by substantial competent evidence, but the ultimate

5

legal conclusion is reviewed de novo. *State v. Hanke*, 307 Kan. 823, 827, 415 P.3d 966 (2018). "'Substantial competent evidence is legal and relevant evidence a reasonable person could accept to support a conclusion.'" *State v. Talkington*, 301 Kan. 453, 461, 345 P.3d 258 (2015). We do not reweigh evidence or assess witness credibility. When the facts supporting the district court's decision are not disputed, the ultimate question of suppression is a legal one subject to our unlimited review. The State bears the burden to establish the lawfulness of a warrantless search or seizure. *Hanke*, 307 Kan. at 827.

*Analysis*

"The Fourth Amendment to the United States Constitution protects the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" *Talkington*, 301 Kan. at 461. However, a defendant must have a reasonable expectation of privacy in the place searched before determining whether such defendant's Fourth Amendment rights were violated. 301 Kan. at 461-62; see *Katz v. United States*, 389 U.S. 347, 361, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967) (Harlan, J., concurring).

The State argues Scheuerman lacks standing to challenge the search of the car because Finnigan owned the car, not Scheuerman. The State made this argument at the suppression hearing, but the district court rejected it on the grounds that somehow the State could not assert both that Scheuerman lacked standing to object to the search and rely on his admission there were drugs in the car.

The term "standing" is typically used to determine whether someone's personal rights have been violated. However, in the context of searches and seizures, standing is more properly placed in substantive Fourth Amendment law than within traditional standing. See *Rakas v. Illinois*, 439 U.S. 128, 140, 99 S. Ct. 421, 58 L. Ed. 2d 387 (1978); *Talkington*, 301 Kan. at 473. But see *State v. Richard*, 300 Kan. 715, 727-28, 333 P.3d

179 (2014) ("Nevertheless, standing to challenge a search is 'a component of subject matter jurisdiction, which may be raised for the first time on appeal.'").

"'[A] defendant cannot object to the seizure of evidence without proper standing to challenge the validity of the search. On the issue of standing, the burden is on the defendant to show an expectation of privacy in the property searched.' *State v. Gonzalez*, 32 Kan. App. 2d 590, 593, 85 P.3d 711 (2004)." *Talkington*, 301 Kan. at 476. "Fourth Amendment rights are personal rights that may not be vicariously asserted." 301 Kan. at 476. "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed. . . . [Only] defendants whose Fourth Amendment rights have been violated" may challenge the search. *Rakas*, 439 U.S. at 134.

As we have stated, a person must have a personal expectation of privacy in the place searched to have standing to challenge the search. To demonstrate a legitimate expectation of privacy, a defendant must show "a subjective expectation of privacy in the area searched and that the expectation was objectively reasonable." *Talkington*, 301 Kan. at 477. A person who lacks an ownership or possessory interest in the property searched lacks a legitimate expectation of privacy in that property. This lack of ownership or possessory interest is dispositive. *State v. Wickliffe*, 16 Kan. App. 2d 424, 429, 826 P.2d 522 (1992).

Although a passenger in a car does not generally have standing to challenge the search of a car that does not belong to the passenger, the passenger can challenge the search if it results from an illegal stop. *State v. Maybin*, 27 Kan. App. 2d 189, 200, 2 P.3d 179 (2000). While Scheuerman challenged the legality of the stop before the district court, he does not challenge before us the district court's refusal to suppress the evidence on this basis.

Scheuerman does not dispute he was not the car's owner. Although he gave Finnigan the money to buy the car, the car was registered in her name. Because Scheuerman lacks any ownership or possessory interest in the car, he lacks the standing to challenge the search of the car. And, as he did not challenge the search of the backpack containing the methamphetamine before the district court, he cannot now claim he had a possessory interest in the backpack.

The district court's reasoning that the State could not have it "both ways" by both challenging Scheuerman's standing to challenge the search and relying on his admission that the drugs were his is incorrect; the issue of the admissibility of Scheuerman's statements concerning the drugs is a different legal issue from whether he can challenge the search. However, the district court correctly denied the motion to suppress as Scheuerman could not challenge the search because the car belonged to Finnigan. Thus, we affirm the district court's denial of Scheuerman's motion to suppress as being correct for the wrong reason. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015) (holding if district court reaches correct result, its decision will be upheld even if it relied on wrong ground).

II. WAS THERE SUFFICIENT EVIDENCE TO SUPPORT SCHEUERMAN'S CONVICTION FOR POSSESSION OF METHAMPHETAMINE WITH INTENT TO DISTRIBUTE?

Scheuerman also argues the evidence was insufficient to support his conviction for possession of methamphetamine with intent to distribute because he was convicted of possessing at least 1 gram of methamphetamine but less than 3.5 grams, but he stipulated to possessing at least 3.5 grams of methamphetamine. Scheuerman asserts the different severity levels for possession of methamphetamine with intent to distribute are mutually exclusive. Because the State did not provide any evidence Scheuerman possessed less than 3.5 grams of methamphetamine, Scheuerman claims there was no evidence to find him guilty of the amended charge. Scheuerman also argues that because the district court

found him guilty of possessing less than 3.5 grams of methamphetamine, there is no evidence of intent to distribute. See K.S.A. 2020 Supp. 21-5705(e)(2) (creating rebuttable presumption of intent to distribute upon finding possession of at least 3.5 grams of methamphetamine).

The State argues the root of Scheuerman's argument is not sufficiency of the evidence but whether the drug severity levels are separate or lesser included offenses. The State argues the lower drug severity levels are lesser included offenses of the higher drug severity levels of the same crime, meaning it had the authority to charge a lower severity level in exchange for Scheuerman agreeing to a trial by stipulated facts.

*Standard of Review*

Scheuerman argues the appropriate standard of review is for sufficiency of the evidence. The State counters that both the sufficiency of the evidence standard and the statutory interpretation standard apply. We agree. Scheuerman argues the fact he stipulated to possessing at least 3.5 grams of methamphetamine does not prove he possessed at least 1 gram but less than 3.5 grams of methamphetamine. Ultimately, this is a sufficiency of an evidence argument. But whether the evidence of possession of a greater amount of methamphetamine is sufficient to support a conviction of a lesser amount does require statutory interpretation, and statutory interpretation is a legal question subject to de novo review. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019).

In general, our standard of review when a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction is "'whether, after reviewing all the evidence in a light most favorable to the prosecution, the appellate court is convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt. Appellate courts do not reweigh evidence, resolve evidentiary

9

conflicts, or make witness credibility determinations.' [Citation omitted.]" *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018).

However, when the sufficiency of the evidence is challenged in a case decided on stipulated facts, our review is unlimited, but the facts are still "viewed in the light most favorable to the State when testing their sufficiency." *State v. Darrow*, 304 Kan. 710, 715, 374 P.3d 673 (2016). Moreover, a defendant is precluded from challenging factual evidence within a stipulation by entering into a stipulation of facts. *State v. Bogguess*, 293 Kan. 743, 745, 268 P.3d 481 (2012). But a defendant can still challenge the legal effect of the stipulated facts. See *State v. Weber*, 297 Kan. 805, 814, 304 P.3d 1262 (2013).

*Analysis*

"Due process requires the State to prove every element of the charged crime." *State v. Banks*, 306 Kan. 854, 858, 397 P.3d 1195 (2017). To determine what elements the State must prove, we look to the statute. *State v. Torres*, 308 Kan. 476, 488, 421 P.3d 733 (2018).

K.S.A. 2020 Supp. 21-5705(a)(1) proscribes a person from possessing methamphetamine with the intent to distribute. The State originally charged Scheuerman with possessing at least 3.5 grams but less than 100 grams, a severity level 2 drug felony. See K.S.A. 2016 Supp. 21-5705(d)(3)(C). As part of its agreement with Scheuerman to try the case on stipulated facts, the State amended the charge to possessing at least 1 gram but less than 3.5 grams of methamphetamine, a severity level 3 drug felony. See K.S.A. 2016 Supp. 21-5705(d)(3)(B). Additionally, a rebuttable presumption of an intent to distribute is created if a defendant possesses 3.5 grams or more of methamphetamine. K.S.A. 2016 Supp. 21-5705(e)(2).

10

Scheuerman argues his stipulation to the fact that he possessed at least 3.5 grams of methamphetamine means he cannot be convicted of possessing at least 1 gram but less than 3.5 grams of methamphetamine. The State argues he can because the crime of possessing at least 1 gram but less than 3.5 grams of methamphetamine is a lesser included offense of the crime of possessing of at least 3.5 grams of methamphetamine. In other words, if Scheuerman stipulated to facts sufficient to find him guilty of the original offense, there is also sufficient evidence to convict him of a lesser included offense. For reasons we will explain, we must disagree.

As it relates to lesser included offenses whose elements are wholly contained within the originally charged crime, the State is correct that if the facts are sufficient to convict of the charged crime, the facts are also sufficient to convict of a lesser included crime. "If a lesser offense is to be considered a lesser included offense under the law, all elements necessary to prove the lesser offense must be present and be required to establish the elements of the greater offense charged." *State v. Woods*, 214 Kan. 739, 744, 522 P.2d 967 (1974), *disapproved of on other grounds by Wilbanks v. State*, 224 Kan. 66, 579 P.2d 132 (1978). But our statute defining lesser included offenses is broader and includes not only offenses in which the elements of the lesser crime are identical to some of the elements of the crime charged, but also lesser degrees of the same crime. Compare K.S.A. 2020 Supp. 21-5109(b)(1) (lesser degree of same crime) with K.S.A. 2020 Supp. 21-5109(b)(2) (all elements of lesser crime identical to some elements of charged crime). This means the elements of a lesser included offense under Kansas law may not all be included within the charged crime. Thus, if the facts establish guilt of the charged crime, they do not always mean guilt of a lesser included offense.

The fatal flaw in the State's argument here is that not all elements of the amended charge of which Scheuerman was convicted are contained within the originally charged crime. Scheuerman was originally charged with possessing with intent to distribute at least 3.5 grams but less than 100 grams of methamphetamine, a severity level 2 drug

11

felony under K.S.A. 2016 Supp. 21-5705(d)(3)(C). The amended charge was possessing with intent to distribute at least 1 gram but less than 3.5 grams of methamphetamine, a severity level 3 drug felony under K.S.A. 2016 Supp. 21-5705(d)(3)(B). Given that the amended charge is the lesser degree of the originally charged crime—severity level 3 drug felony versus severity level 2 drug felony—the amended charge is clearly a lesser included offense of the originally charged crime. But the amended charge's elements are not all contained within the originally charged crime. The amended charge's quantity element requires possessing at least 1 gram but less than 3.5 grams of methamphetamine, while the originally charged crime requires possessing at least 3.5 grams but less than 100 grams.

Scheuerman stipulated to possessing a quantity of methamphetamines of *at least* 3.5 grams but less than 100 grams. But the plain language of the amended charge required the State to prove a quantity of at least 1 gram but *less than* 3.5 grams. See K.S.A. 2016 Supp. 21-5705(d)(3)(B); PIK Crim. 4th 57.020 (2014 Supp.) (elements of possession with intent to distribute controlled substance). Scheuerman's stipulation to possessing at least 3.5 grams of methamphetamines cannot provide a factual basis to satisfy the quantity element of his crime of conviction.

Two cases previously decided by our court support our conclusion that proof of possessing a higher quantity of drugs in this context does not establish the proof necessary to convict a defendant of possessing a lesser amount. While the cases address the appropriateness of a lesser included jury instruction, they are helpful because one of the steps in determining whether a lesser included jury instruction should have been given is whether the instruction was factually appropriate. See *State v. McLinn*, 307 Kan. 307, 318, 409 P.3d 1 (2018). An instruction is factually appropriate if "there is some evidence which would reasonably justify a conviction of the lesser included offense." *State v. Brown*, 300 Kan. 565, 585, 331 P.3d 797 (2014).

Most on point is a case relied upon by the State, *State v. Palmer*, No. 111,624, 2015 WL 802733 (Kan. App. 2015) (unpublished opinion). In *Palmer*, the defendant was convicted of possession with intent to distribute at least 3.5 grams of methamphetamine. On appeal, Palmer argued the jury should have been instructed on the lesser included offenses of possessing less than 3.5 grams. Another panel of our court held that while lower severity levels of possession of methamphetamine are lesser included offenses of the higher severity levels, it was factually inappropriate to instruct on the lesser included offense because it was undisputed that the defendant possessed 10.26 grams of methamphetamine. 2015 WL 802733, at *7. Put another way, because it was undisputed that Palmer possessed 10.26 grams, there was no evidence that would support a conviction of possessing amounts less than 3.5 grams.

In *State v. Winn*, No. 111,474, 2016 WL 1169422 (Kan. App. 2016) (unpublished opinion), the defendant was charged with a severity level 2 drug felony of possession of marijuana with intent to distribute. Winn claimed the district court should have sua sponte instructed the jury on the lesser severity level 3 and level 4 offenses of the crime. The panel noted the obvious difference in the statutory alternatives was the weight of the marijuana the defendant possessed, but each alternative required the defendant have the intent to distribute. 2016 WL 1169422, at *6. While the panel held the lower severity levels were lesser degrees of the crime of possession of marijuana with intent to distribute, and thus lesser included offenses, it concluded that the lesser included offense instructions sought by Winn were not factually appropriate because Winn did not challenge the evidence that he possessed a weight of marijuana greater than the rebuttable presumption of intent to distribute. 2016 WL 1169422, at *8.

Our court has also held in the context of theft—which, like drug possession crimes, differs in severity depending on the amount of property taken—a defendant cannot be convicted of the lesser offense when the evidence only establishes the more severe charged crime. See K.S.A. 2020 Supp. 21-5801 (theft statute); *State v. Bryant*, 22

13

Kan. App. 2d 732, Syl. ¶ 4, 922 P.2d 1118 (1996) (despite misdemeanor theft being lesser included offense of felony theft, no lesser jury included instruction required when "unrefuted" evidence established value of goods stolen over felony limit); *State v. Perry*, No. 97,052, 2008 WL 3367544, at *6 (Kan. App. 2008) (unpublished opinion) (same).

We can extrapolate from *Winn* and *Palmer* that possession of methamphetamine in amounts of at least 3.5 grams cannot support a conviction for possession of methamphetamine in an amount less than 3.5 grams. While Scheuerman's stipulation to possessing at least 3.5 grams and less than 100 grams is sufficient to prove the possession with intent to distribute element given the statutory presumption, see K.S.A. 2016 Supp. 21-5705(e)(2), it cannot prove the quantity element. The less severe charge of possession of methamphetamine with intent to distribute required the State to prove Scheuerman possessed at least 1 gram *but less than* 3.5 grams of methamphetamine. Scheuerman's stipulation to possessing at least 3.5 grams of methamphetamine is insufficient evidence to support a conviction of this charge because the quantity of drugs he possessed is in excess of the charged amount.

Scheuerman's conviction of possession of methamphetamine with intent to distribute contrary to K.S.A. 2016 Supp. 21-5705(d)(B)(3) is reversed, and the corresponding sentence is vacated.

Affirmed in part, conviction reversed, and sentence vacated.