No. 48,013

STATE OF KANSAS, *Appellee*, v. EDWARD J. McFALL, *Appellant*.

(549 P. 2d 559)

Opinion filed May 8, 1976.

*William D. Mize*, public defender, was on the brief for the appellant.

*Curt T. Schneider*, attorney general, and *James L. Sweet*, county attorney, were on the brief for the appellee.

*Per Curiam:* Edward J. McFall was convicted by a jury of burglary and misdemeanor theft and he now appeals.

On October 1, 1974, Bobby Strickland took his Chevrolet pickup to the body shop at the Salina Area Vocational Technical School for repairs. He had agreed to pay for materials used. Students making the repairs would receive credit towards their course requirements. Appellant McFall was a student at the school but was not assigned to or authorized to work on the pickup. On October 15, 1974, one of the instructors noticed that a speaker which had been connected to an eight track tape was missing. The speaker had been seen intact in the pickup on October 10, 1974. Students were interviewed but the instructors were unable to locate appellant. Two instructors then went to appellant's residence but were unable to locate him. They did, however, observe what turned out to be the stolen speaker in appellant's parked and unattended vehicle and they notified the police. Officer Alumbaugh went to appellant's residence and saw the speaker in appellant's vehicle. Subsequent to appellant's arrest his vehicle was impounded and taken to the Salina police station where officers removed the speaker without a search warrant.

Appellant first contends the state's evidence failed to establish the offense of burglary because he was authorized to be in the Vo-Tech building in which the Strickland pickup was located; therefore he argues he cannot be convicted of an act requiring unauthorized entry. K. S. A. 21-3715 provides:

"*Burglary.* Burglary is knowingly and without authority entering into or remaining within any building, mobile home, tent or other structure, or any *motor vehicle*, aircraft, watercraft, railroad car or other means of conveyance

of persons or property, with intent to commit a felony or theft therein." (Emphasis supplied.)

Here it is the Strickland motor vehicle which was the protected enclosure rather than the school building and appellant was not authorized to enter that vehicle.

Appellant's contention that the verdicts of the jury were not supported by the evidence is without merit. Possession by an accused of recently stolen property is sufficient to sustain convictions for burglary and theft where a satisfactory explanation is not given (*State v. Atkinson*, 215 Kan. 139, Syl. para. 4, 523 P. 2d 737). Additionally, appellant's roommate testified that appellant had told him he had taken the speaker from the truck and had tried to get a second speaker out but had been unable to cut the wires; further that appellant told him that in order to avoid conviction he (appellant) would say the speaker was lying near the waste can at the Vo-Tech school and he picked it up there.

Appellant's final contention that the district court erred in denying his motion to suppress evidence secured from his unoccupied vehicle during a warrantless search is similarly without merit. In *State v. Kearns*, 211 Kan. 158, 505 P. 2d 676, cert. den. 414 U. S. 841, 38 L. ed. 2d 77, 94 S. Ct. 96, we held:

"Where an officer observes merchandise in an automobile in plain view and his further investigation reveals probable cause to believe it is stolen, his subsequent seizure of the merchandise is not constitutionally unreasonable." (Syl. para. 3.)

The judgment is affirmed.