(250 P.3d 838)
No. 102,713

STATE OF KANSAS, *Appellee*, v. AARON MCCAMMON, *Appellant*.

Opinion filed
March 4, 2011.

*Randall L. Hodgkinson* and *Alice L. Walker*, legal intern, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Steve Six*, attorney general, for appellee.

Before GREENE, C.J., BUSER and ATCHESON, JJ.

GREENE, C.J.: Aaron E. McCammon appeals his convictions for four counts of theft in violation of K.S.A. 21-3701(a)(4), (b)(3), arguing the district court erred in the denial of his motion to suppress evidence and challenging the sufficiency of the evidence to support his convictions. Concluding there was no error in denying the suppression motion and that the evidence was sufficient to support the convictions, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 17, 2007, the Sedgwick County Fire Department obtained an administrative search warrant pursuant to the Sedgwick County Fire Code. On December 18, the officers searched private property owned by Guadalupe Rubalcaba, part of which consisted of former airplane hangars, one of which was leased to Aaron McCammon as a storage unit.

Catherine Michaelson, a Sergeant with the Maize Police Department, attended the search to "view and protect any officials on the scene while they conduct their search." Michaelson testified that she stayed in the area where the fire department was executing the administrative search warrant at all times. She testified that because three vehicles "did not seem like they fit to the property and they just didn't seem to—they just didn't feel right," she recorded the vehicle identification numbers (VINs) of two vehicles.

She did not record the VIN of the third vehicle, because it was obstructed, so she only took the license plate number of that vehicle. The VINs were visible from the outside of the vehicles and could be observed without moving anything. She then checked the VIN and license plate numbers later that day and found that two of the three vehicles were reported stolen.

The State charged McCammon with four counts of theft in violation of K.S.A. 21-3701(a)(4), (b)(3). McCammon filed a motion to suppress evidence and for dismissal, which was denied by the district court. The case proceeded to a bench trial on the stipulated facts contained in an affidavit. McCammon was found guilty as charged on all counts.

## Did the District Court Err in Denying McCammon's Suppression Motion?

Before we address the merits of McCammon's challenge to the district court's ruling on his suppression motion, the State suggests that we determine whether he has standing to assert rights under the Fourth Amendment to the United States Constitution because he did not have a legitimate possessory interest in the stolen vehicles, citing *State v. Wickliffe*, 16 Kan. App. 2d 424, Syl. ¶ 3, 826 P.2d 522 (1992).

McCammon argues that because the State did not raise the standing issue at the district court, it cannot be raised for the first time on appeal. Contrary to McCammon's argument, the State raised the standing issue to the district court; our review of the transcript of the suppression hearing reveals that the prosecutor argued that "somebody who has a stolen car [doesn't] have standing to challenge the search of that car" and that "even if the court were to determine that [the officer's actions were] a search of the car, he doesn't have standing to challenge that," citing *Wickliffe*, 16 Kan. App. 2d 424. Clearly, the State challenged standing in district court and there is no bar to such a challenge on appeal.

"[A] defendant cannot object to the seizure of evidence without proper standing to challenge the validity of the search." *State v. Gonzalez*, 32 Kan. App. 2d 590, 593, 85 P.3d 711 (2004). One who seeks to challenge the legality of a search as a basis for suppressing

relevant evidence must claim either to have a proprietary or possessory interest in the premises searched, or to have owned or possessed the property seized. *State v. Jakeway*, 221 Kan. 142, 144-45, 558 P.2d 113 (1976); see *State v. Sumner*, 210 Kan. 802, 804, 504 P.2d 239 (1972).

Here, McCammon was the lessee of the storage unit in question. Our Supreme Court has likened a storage locker to a hotel room in the context of abandoned property, and, in its analysis found that " '[g]enerally, when the search of the room occurs during the rental period, the appellant has standing to object to an unauthorized search of the premises.' " See *State v. Grissom*, 251 Kan. 851, 911, 840 P.2d 1142 (1992). Because McCammon had a possessory interest in the storage unit, the premises searched, he has standing to challenge the search. See *Horton v. California*, 496 U.S. 128, 137 n.7, 110 L. Ed. 2d 112, 110 S. Ct. 2301 (1990) ("But even where the object is contraband, this Court has repeatedly stated and enforced the basic rule that the police may not enter and make a warrantless seizure.").

Turning to the merits of his argument, McCammon argues that the scope of the administrative search warrant was exceeded because the warrant was obtained in order to inspect the building for fire code violations and did not give the officer the right to conduct a criminal search, inspect the vehicles, or record the VINs because the vehicles were not clear evidence of Sedgwick County Fire Code violations.

In reviewing a decision on the suppression of evidence, this court reviews the factual findings underlying the trial court's suppression decision by a substantial competent evidence standard and the ultimate legal conclusion drawn from those factual findings by a de novo standard. The court does not reweigh the evidence. *State v. Ransom*, 289 Kan. 373, 380, 212 P.3d 203 (2009). When the material facts to a trial court's decision on a motion to suppress evidence are not in dispute, the question of whether to suppress is a question of law over which an appellate court has unlimited review. *State v. Porting*, 281 Kan. 320, 324, 130 P.3d 1173 (2006). The State bears the burden of proving the lawfulness of a search and

seizure. *State v. Groshong,* 281 Kan. 1050, 1052, 135 P.3d 1186 (2006) (citing *State v. Boyd,* 275 Kan. 271, 64 P.3d 419 [2003]).

On appeal, McCammon does not challenge the administrative search warrant or the participation of the police officer in the ensuing search of the property. Thus, for purposes of this appeal, the officer was lawfully on the private property where McCammon's personal items were located, and the lawful scope of the search pursuant to the warrant was to inspect the buildings or premises to determine whether "there are conditions or violations of the Fire Code that may make [those] buildings unsafe, dangerous or hazardous."

First, we must determine whether the officer's observation of the VINs through the windshields of two vehicles was a search implicating the Fourth Amendment. We hold that it was not. The mere observation of anything that comes into view during an otherwise lawful search is not an independent search implicating the Fourth Amendment because it produces no additional invasion of privacy interests beyond those already jeopardized. See *Arizona v. Hicks,* 480 U.S. 321, 325, 107 S. Ct. 1149, 94 L. Ed. 2d 347 (1987); *Illinois v. Andreas,* 463 U.S. 765, 771, 103 S. Ct. 3319, 77 L. Ed. 2d 1003 (1983). As noted by the Court in *Hicks,* if the officer had taken any action beyond mere observation—even a trivial movement of an item by only a few inches—we would be compelled to conclude that an independent search occurred implicating the Fourth Amendment. 480 U.S. at 325.

Next, we must determine whether the officer's recordation of the VINs was a seizure within the meaning of the Fourth Amendment. Again, we hold it was not. The recordation of the VINs did not meaningfully interfere with any possessory interest in the vehicles and therefore did not amount to a seizure implicating the Fourth Amendment. See *Hicks,* 480 U.S. at 324; *Maryland v. Macon,* 472 U.S. 463, 469, 105 S. Ct. 2778, 86 L. Ed. 2d 370 (1985). The officer was able to record these numbers without any intrusion whatsoever; in fact, she was unable to record a VIN from a third vehicle because it was obstructed, so she opted against further action to observe and record that VIN. We cannot conclude that the recordation of the VINs was a seizure implicating the Fourth

Amendment. See also *State v. Harder*, 8 Kan. App. 2d 98, 100, 650 P.2d 724 (1982) (" 'A search implies prying into hidden places for that which is concealed and it is not a search to observe that which is in open view. Looking into a parked car through the windows does not constitute a search, even though it is nighttime and the items can be seen only with the aid of a flashlight.' "); *State v. Wade*, 206 Kan. 347, 348, 479 P.2d 811 (1971), *overruled on other grounds by State v. Mims*, 220 Kan. 726, 556 P.2d 387 (1976) ("Looking into a parked car through the windows does not constitute a search, even though it is nighttime and the items can be seen only with a flashlight."); *State v. McMillin*, 206 Kan. 3, 8, 476 P.2d 612 (1970) (same).

Finally, we note as an alternative analysis that the United States Supreme Court has made clear that there is no reasonable expectation of privacy in a VIN.

"[I]t is unreasonable to have an expectation of privacy in an object required by law to be located in a place ordinarily in plain view from the exterior of the automobile. The VIN's mandated visibility makes it more similar to the exterior of the car than to the trunk or glove compartment. The exterior of a car, of course, is thrust into the public eye, and thus to examine it does not constitute a 'search.' See *Cardwell v. Lewis*, [417 U.S. 583, 588-589, 41 L. Ed. 2d 325, 94 S. Ct. 2464 (1974)]. In sum, because of the important role played by the VIN in the pervasive governmental regulation of the automobile and the efforts by the Federal Government to ensure that the VIN is placed in plain view, we hold that there was no reasonable expectation of privacy in the VIN." *New York v. Class*, 475 U.S. 106, 114, 89 L. Ed. 2d 81, 106 S. Ct. 960 (1986).

At oral argument, McCammon argued that we should focus on the purpose and scope of the administrative search and conclude that the officer's actions exceeded the boundaries of that purpose and scope. We reject this analysis, however, because its application is appropriate to determine reasonableness of a search or seizure, but here we have neither and have no need for a reasonableness determination. If the Fourth Amendment does not apply, that ends the inquiry; it does not matter if the governmental action is reasonable or not. See Moylan, *The Fourth Amendment Inapplicable vs. The Fourth Amendment Satisfied: The Neglected Threshold of "So What?"* 1977 S. Ill. U.L.J. 75.

Thus, in summary, we conclude there was neither a search nor a seizure of the VINs, and McCammon had no reasonable expectation of privacy in the VINs in any event. The Fourth Amendment was not implicated, and we need not examine the reasonableness of the officer's actions. For these reasons, the district court did not err in denying McCammon's suppression motion.

## WAS THERE SUFFICIENT EVIDENCE TO SUPPORT MCCAMMON'S CONVICTIONS?

In general, "[w]hen the sufficiency of the evidence is challenged in a criminal case, this court reviews all the evidence in the light most favorable to the prosecution to determine whether the court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt." *State v. Trautloff*, 289 Kan. 793, 800, 217 P.3d 15 (2009). This case, however, was decided on stipulated facts, and when a case is decided on stipulated facts, the appellate court has de novo review. *In re Harris Testamentary Trust*, 275 Kan. 946, 951, 69 P.3d 1109 (2003); *State v. Downey*, 27 Kan. App. 2d 350, 362, 2 P.3d 191, *rev. denied* 269 Kan. 936 (2000).

McCammon challenges the sufficiency of the evidence in counts 1, 2, and 3 of the complaint. We note, however, that this argument is contrary to defense statements made at trial. At trial, defense counsel stated, "I do believe that other than that [objection to introduction of evidence discussed in issue I] the affidavit of probable cause is sufficient, once those items are admitted over our objection, in order to find Mr. McCammon guilty, unfortunately."

Where a party's strategic choices at trial have adverse consequences, we have refused to grant relief on appeal from those same choices. See *State v. Gray*, 235 Kan. 632, 635-36, 681 P.2d 669 (1984); *Lee v. Fischer*, 41 Kan. App. 2d 236, Syl. ¶ 3, 202 P.3d 57 (2009). When criminal defendants agree to stipulated facts without objection, they are precluded from arguing on appeal that the evidence was not sufficient to support the convictions if they conceded in the stipulation that the convictions were supported by sufficient evidence. *State v. Downey*, 27 Kan. App. 2d 350, Syl., 2 P.3d 191, *rev. denied* 269 Kan. 936 (2000); see *State v. Dent*, No.

100,690, unpublished opinion filed June 12, 2009, *rev. denied* 290 Kan. 1097 (2010); *State v. Link*, No. 95,207, unpublished opinion filed February 23, 2007, *rev. denied* 284 Kan. 949 (2007).

Here, defense counsel clearly informed the district court that the "affidavit of probable cause is sufficient" and if the evidence subject to the suppression motion was admitted, that evidence was sufficient "to find Mr. McCammon guilty, unfortunately." Although short of a formal stipulation, this statement was nearly identical to that at issue in *Downey*, where counsel informed the court he believed " 'the facts from a legal standpoint . . . cover all the bases as far as [the] elements of the offense.' " 27 Kan. App. 2d at 363. Even if there were no applicable rule barring this change of position on appeal, we would be inclined to consider the statement of McCammon's counsel as invited error. See *State v. Angelo*, 287 Kan. 262, 280, 197 P.3d 337 (2008) (litigant may not invite and lead a trial court into error and then complain of the trial court's action on appeal).

Even if we were to consider the sufficiency challenge on its merits, we would reject the challenge. McCammon suggests the evidence was insufficient on the value of the Chevrolet Suburban, but the affidavit contains a reference to a low value of $4,875 from the National Automobile Dealers Association appraisal guide for this vehicle. McCammon also suggests the evidence was insufficient on his knowledge that the items were stolen, but the affidavit contains information showing that the items were reported stolen within 4 to 6 months of their discovery in McCammon's possession. Possession by an accused of recently stolen property is sufficient to sustain a conviction of theft where a satisfactory explanation is not given. See *State v. McFall*, 219 Kan. 798, 799, 549 P.2d 559 (1976); *Jenkins v. U.S.*, 361 F.2d 615, 618-19 (10th Cir. 1966) (possession of an item 6 months after reported stolen sufficient to frame a jury question on "recently stolen"). Here, there was evidence beyond "recently stolen," including McCammon's unsatisfactory explanations for his possession, the condition of the items indicating likely theft, and the implications of the cumulative possession of several items including one that McCammon admitted was known to be stolen. Applying our standard of review, the totality of this evi-

dence, viewed in the light most favorable to the prosecution, was legally sufficient.

Affirmed.