(308 P.3d 10)
No. 109,330

STATE OF KANSAS, *Appellant*, v. DANIEL EVERARD BIERER,
*Appellee*.

Opinion filed September 6, 2013.

*Shawn E. Minihan* and *Peter R. Glasser*, assistant district attorneys, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Paul J. Morrison* and *John A. DeMarco*, of Morrison Law Firm, LLC, of Olathe, for appellee.

Before HILL, P.J., POWELL, J., and HEBERT, S.J.

POWELL, J.: In this appeal, the State seeks interlocutory review of the district court's suppression of evidence. The controversy surrounds a package mailed from Reno, Nevada, deemed suspicious by a United States postal inspector and addressed to Shaun Boehm of Johnson County. A drug dog used by the Johnson County Sheriff's Department alerted to the package, and a warrant was prepared for the residence to which the package was ad-

dressed. The package was placed on the front step of the residence. Daniel Bierer arrived some time later, took the package from the front step, placed it in his vehicle, and drove away. Sheriff's deputies followed Bierer and stopped him after several miles. Bierer was arrested; the package was seized by law enforcement, opened without a warrant, and found to contain several bundles of marijuana. Bierer was charged with one count of distribution of marijuana and one count of drug tax stamp violation.

On appeal, the State contends Bierer did not have standing to challenge the search and seizure and, even if he did have standing, the officers had probable cause to search the package without a search warrant. Moreover, the State argues the good-faith exception to the exclusionary rule applies. Bierer argues the search of the package was unlawful without a warrant. Because we find that the sheriff's deputies had probable cause to search the package located in Bierer's automobile, and therefore did not need a warrant, we must reverse the district court and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

On June 21, 2012, United States Postal Inspector Justin Lewis inspected a suspicious package addressed to "Shaun Boehm." Based on Lewis' prior experience as a narcotics investigator, he believed the package contained drugs. The package was mailed from Reno, Nevada, which is close to the California border where medical marijuana is grown legally. The package was taped at all exposed seams, which Lewis believed was done to mask the odor of drugs. The return address was valid, but the sender's name was not associated with the return address. Further, the postage on the package was $94.50, but the sender waived signature, meaning no one had to sign for the package.

Lewis contacted Detective Antonio Garcia of the Johnson County Sheriff's Department to have his K-9, Franz, sniff the package for narcotics. Franz is a passive alert K-9 and is trained to sit upon locating the odor of narcotics. The officers lined up several packages for Franz to sniff, but Franz alerted only to the package addressed to "Shaun Boehm." Lewis then contacted Deputy Mark

Burns, also with the Johnson County Sheriff's Department, who prepared a search warrant for the residence to which the package was addressed and began preparations for a controlled delivery of the package.

On June 22, 2012, Lewis knocked on the door of the residence, but no one responded. Lewis left the package at the front door of the residence and left. Later, Bierer arrived at the residence, took the package from the porch, placed the package in his vehicle, and drove away.

Deputies in unmarked police cars began to follow Bierer. After several miles, Deputy Joshua Theiss initiated a traffic stop of Bierer's vehicle. Theiss told Bierer that he had a chip in his windshield and asked him to step out of the vehicle. When Bierer stepped out of his vehicle, Theiss arrested him. Bierer was the only occupant in the vehicle.

Theiss testified that he did not know if Bierer's windshield was actually obstructed, but another officer told him that it was. Theiss said that he stopped the vehicle and arrested Bierer solely because he had the package in his vehicle.

Burns looked inside the vehicle and saw the package in the back seat. Because there was heavy traffic on the road, officers transported Bierer's vehicle to the New Century Detention Center to conduct a warrantless search of the vehicle. Burns was present when the package was opened. The package contained another box wrapped in birthday wrapping paper. Inside the box were 10 food-saver bags wrapped inside 4 trash bags, which contained bundles of marijuana.

On cross-examination, Burns stated that he preferred to get a search warrant for the package, but the decision was made not to get one. The deputies believed someone from the home was going to take the package from the front porch.

On June 23, 2012, the State filed a complaint charging Bierer with one count of distribution of marijuana and one count of drug tax stamp violation. On September 18, 2012, Bierer filed a motion to suppress claiming the search and seizure of the sealed package containing the marijuana was unlawful. The State filed a response alleging, *inter alia*, Bierer did not have standing to challenge the

search and the search was lawful. Thereafter, Bierer filed a supplemental brief on the motion to suppress alleging, *inter alia*, he did have standing to challenge the search and *California v. Acevedo*, 500 U.S. 565, 111 S. Ct. 1982, 114 L. Ed. 2d 619 (1991), had not been adopted in Kansas. On November 27, 2012, the district court heard argument and testimony on the motion to suppress then took the motion under advisement. On January 7, 2013, the district court issued its order granting Bierer's motion to suppress.

The State timely filed an interlocutory appeal.

*Standard of Review*

In reviewing a district court's ruling on a motion to suppress, this court applies a bifurcated standard of review. This court accepts the factual findings of the district court if they are supported by substantial competent evidence. Then, this court reviews the district court's legal conclusions based upon those findings of fact de novo. *State v. Sanchez-Loredo*, 294 Kan. 50, 54, 272 P.3d 34 (2012).

### DID THE DEFENDANT HAVE STANDING TO CHALLENGE THE WARRANTLESS SEARCH OF THE PACKAGE?

The State argues that Bierer lacked standing to challenge the search because his name was not on the package and he obtained the package from someone else's residence. Bierer contends that he was in lawful possession of the vehicle searched and had a possessory interest the package seized. We agree with the district court and Bierer that he had standing to challenge the search of the package.

The district court, relying on *State v. McCammon*, 45 Kan. App. 2d 482, 484-85, 250 P.3d 838, *rev. denied* 292 Kan. 968 (2011), ruled that Bierer had "standing to challenge the search because [he] went to a specific address, picked up the package, and placed the package inside his vehicle. [Bierer] did not disavow possession of the package. Therefore, [Bierer] had a possessory interest in the package."

A defendant must have standing to challenge a search or seizure. 45 Kan. App. 2d at 484. The burden is on the defendant to dem-

onstrate a legitimate expectation of privacy in the place searched or the property seized. To meet this burden, the defendant must establish a subjective expectation of privacy and the expectation is one that society recognizes as reasonable. *State v. Rupnick*, 280 . Kan. 720, 748, 125 P.3d 541 (2005).

"Letters and other sealed packages are in the general class of effects in which the public has a legitimate expectation of privacy. [Citation omitted]." *State v. Daly*, 14 Kan. App. 2d 310, 317, 789 P.2d 1203, *rev. denied* 246 Kan. 769 (1990). However, as the State points out, Kansas has not addressed whether a suspect has a legitimate expectation of privacy in a package sent through the mail that is addressed to a fictional or third party.

In *United States v. Sheldon*, 351 F. Supp. 2d 1040 (D. Hawaii 2004), employees with Airborne Express became suspicion about a package when an individual requested overnight shipping but did not purchase insurance. The individual did not have identification and paid for the postage in cash. An Airborne Express employee contacted the phone number of the sender, and the people who answered did not know anyone by the name of the alleged sender. Pursuant to Airborne Express policy for suspicious packages, an employee contacted law enforcement and opened the parcel, which contained a rectangular object ("Blue Brick") tightly wrapped in plastic wrap, along with several pots and lids. When the officer arrived, he slit open the Blue Brick and saw a white powdery substance. The officer seized the package and contacted the federal Drug Enforcement Agency (DEA). DEA agents obtained a warrant for the residence and a warrant to place an electronic beeper in the package, which would indicate the location of the parcel and alert when it was opened. Officers conducted a controlled delivery of the package; the defendant signed for the parcel and took it inside the residence. Later, the beeper went off, indicating that the package had been opened. DEA agents immediately entered the house and located the package under the defendant's bed. The court found that the defendant demonstrated ownership and control over the package upon delivery and took measures to reinforce her privacy interest after taking delivery of it. 351 F. Supp. 2d at 1044. The court found that this expectation

of privacy was objectively reasonable given the concealment of the Blue Brick inside a pot and in a sealed envelope. 351 F. Supp. 2d at 1044-45; see also *United States v. Pitts*, 322 F.3d 449, 459 (7th Cir. 2003) (person has a right to use false name in sending and receiving mail in order to maintain privacy); *United States v. Villarreal*, 963 F.2d 770, 774 (5th Cir. 1992) (defendant has standing where package addressed to fictitious name which is alter ego of defendant).

However, the State relies on other cases, including a case from the federal district court here in Kansas, to assert that Bierer has no standing to challenge the search of the package. In *United States v. Wood*, 6 F. Supp. 2d 1213, 1219 (D. Kan. 1998), a detective who was observing outgoing packages at a Federal Express facility noticed a suspicious package with a fictitious return address and the postage paid by cash. After obtaining a search warrant, the detective found 2 pounds of methamphetamine in the package. The addressee was an actual person who occasionally lived at the residence. The government argued—and the court agreed—the defendant did not have standing because he was not named as the sender or addressee of the package and the name used was not defendant's fictitious name or his alter ego. 6 F. Supp. 2d at 1221-24. Further, the court reasoned that the defendant did not admit an ownership interest in the package or otherwise exercise control of the package once it was delivered. 6 F. Supp 2d at 1223-24.

We think *Wood* is distinguishable on its facts because Bierer exerted possession over the package by taking it from the front porch of the residence and placing it in his vehicle. There is no dispute that Bierer owned the vehicle. By placing the package in his vehicle, Bierer exercised a possessory interest in the package and intended to exclude others. Moreover, Bierer never denied ownership or possession of the package. And, unlike *Sheldon,* Bierer did not attempt to conceal the package; he simply placed the package in the back seat of his vehicle. When Burns approached Bierer's vehicle, the package was visible on the back seat. We agree with the district court and hold that Bierer had standing to challenge the search of the package.

## Does *California v. Acevedo* Control the Disposition of this Case?

Having agreed that Bierer had standing to challenge the search of the package, we must now determine whether the search of the package was reasonable without a warrant. In deciding this question, we are confronted with what appears to be conflicting precedent.

"The Fourth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, and § 15 of the Kansas Constitution Bill of Rights prohibit unreasonable searches and seizures, and a warrantless search is per se unreasonable unless it falls within a recognized exception." *State v. Ramirez,* 278 Kan. 402, 404-05, 100 P.3d 94 (2004). "[T]he wording and scope of the two sections are identical for all practical purposes. If conduct is prohibited by one it is prohibited by the other." *State v. Johnson,* 253 Kan. 356, 362, 856 P.2d 134 (1993). Although the Kansas Supreme Court has recognized that it could extend state constitutional protections of § 15 beyond the federal guarantees provided by the Fourth Amendment, it has declined to do so. *State v. Hoeck,* 284 Kan. 441, 463, 163 P.3d 252 (2007).

" 'Kansas has previously recognized several exceptions to the Fourth Amendment search warrant requirement: consent; search incident to a lawful arrest; stop and frisk; probable cause to search accompanied by exigent circumstances, of which hot pursuit is one example; the emergency doctrine; inventory searches; plain view; and administrative searches of closely regulated businesses.' " *State v. Mendez,* 275 Kan. 412, 421, 66 P.3d 811 (2003) (quoting *State v. Baughman,* 29 Kan. App. 2d 812, 814, 32 P.3d 199 [2001]).

"A commonly applied exigent circumstance is the 'automobile exception' which allows the warrantless search of a vehicle when probable cause has been established to justify a search." *State v. Conn,* 278 Kan. 387, 395, 99 P.3d 1108 (2004). The State bears the burden of proving the lawfulness of the search and seizure. *State v. Boyd,* 275 Kan. 271, 273, 64 P.3d 419 (2003).

The State argues that *California v. Acevedo,* 500 U.S. 565, controls the disposition of this case. In *Acevedo,* the United States Supreme Court considered "whether the Fourth Amendment requires the police to obtain a warrant to open the sack in a movable

vehicle simply because they lack probable cause to search the entire car." 500 U.S. at 573. The Court held that "[t]he police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained." 500 U.S. at 580.

In *Acevedo,* the United States Supreme Court recognized "the dichotomy between the rule in *Chadwick* and the rule in *Ross*." 500 U.S. at 568 (citing *United States v. Ross*, 456 U.S. 798, 102 S. Ct. 2157, 72 L. Ed. 2d 572 [1982]; *United States v. Chadwick*, 433 U.S. 1, 97 S. Ct. 2476, 53 L. Ed. 2d 538 [1977]). Under *Chadwick*, 433 U.S. at 13-16, if officers have probable cause to search a container known to be in an automobile and believed to contain contraband, the container cannot be searched until officers obtain a search warrant for the container. However, under *Ross*, " '[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part the vehicle and its contents that may conceal the object of the search.' " *Acevedo*, 500 U.S. at 570 (quoting *Ross*, 456 U.S. at 825). The Supreme Court recognized that this discrepancy "has confused courts and police officers and impeded effective law enforcement." *Acevedo*, 500 U.S. at 576. The Supreme Court held that "*Ross* now applies to all searches of containers found in an automobile. In other words, the police may search without a warrant if their search is supported by probable cause." 500 U.S. at 579. *Acevedo* overruled the *Chadwick* specific container distinction. However, the Court reaffirmed the principle that "[p]robable cause to believe that a container placed in the trunk of a [vehicle] contains contraband or evidence does not justify a search of the entire [vehicle]." *Acevedo*, 500 U.S. at 580 (quoting *Ross*, 456 U.S. at 824).

Bierer argues, and the district court agreed, that the Kansas Supreme Court has not adopted the holding in *Acevedo*. Instead, the district court and Bierer rely on *State v. Jaso*, 231 Kan. 614, 621, 648 P.2d 1 (1982), for the proposition that a search of the container—in this case the package—required a warrant. In that case, our Supreme Court recognized the holding in *Ross*: " 'If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may

conceal the object of the search.'" *Jaso*, 231 Kan. at 620 (quoting *Ross*, 456 U.S. at 825). The court also noted an exception to this rule established in *Chadwick*: "If the officers have specific knowledge that they are seeking a specific container and that container is discovered in the vehicle there appears to be no justification for a further search of the vehicle or even the container itself until a warrant has been obtained." *Jaso*, 231 Kan. at 621; see also *State ex rel. Love v. One 1967 Chevrolet*, 247 Kan. 469, 477, 799 P.2d 1043 (1990) (citing favorably to *Jaso* for the requirement that the search of a container requires a warrant).

We disagree that our Supreme Court's recitation of the specific container exception in *Jaso* (and in *Love* for that matter) is binding precedent on our court as "we are obligated to follow the United States Supreme Court's interpretation and application of the Fourth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 655-57, 81 S. Ct. 1684, 6 L. Ed. 2d 1081, *reh. denied* 368 U.S. 871 (1961)." *State v. Thompson*, 284 Kan. 763, 779, 166 P.3d 1015 (2007). Moreover, *Acevedo* has been cited favorably by our appellate courts many times. See, *e.g., State v. MacDonald*, 253 Kan. 320, 325, 856 P.2d 116 (1993) (relying on *Acevedo*, car search upheld as supported by probable cause); *State v. Lundquist*, 48 Kan. App. 2d 180, 184, 286 P.3d 232 (2012) (probable cause to search automobile); *State v. Tonroy*, 32 Kan. App. 2d 920, 926, 92 P.3d 1116 (2004) (citing *Acevedo* for the proposition that automobile searches are different than other searches); *State v. Blair*, 31 Kan. App. 2d 202, 207, 62 P.3d 661 (2002) (law enforcement lacked probable cause to search home and garage); *State v. Chapman*, 23 Kan. App. 2d 999, 1005, 939 P.2d 950 (1997) (evidence suppressed as police lacked reasonable suspicion to detain defendant and car); *State v. Groshong*, No. 93,419, 2005 WL 2665769, at *2 (Kan. App. 2005) (unpublished opinion) (search and seizure of car passenger's purse upheld where search of automobile supported by probable cause); *State v. Darkis*, No. 90,738, 2004 WL 1373302, at *3 (Kan. App. 2004) (unpublished opinion) (citing *Acevedo* for the proposition that probable cause to search automobile includes any containers located within); see also *Rupnick*, 280 Kan. at 744-45 (McFarland,

C.J., concurring in part and dissenting in part) (warrant required for search of computer hard drive unless exception applies).

Because we are bound by United States Supreme Court decisions interpreting and applying the Fourth Amendment, we hold that *Acevedo* compels the result in this case—officers can conduct a warrantless search of a package located within an automobile if they have probable cause to believe contraband or evidence is contained therein.

When applying *Acevedo* to the facts of this case, we hold that the deputies had probable cause to believe the package contained narcotics and, thus, could conduct a warrantless search of the package. The district court indicated "officers had probable cause to search the package but did not obtain a search warrant to do so." Lewis testified that the package was mailed from Reno, Nevada; the package was taped at all exposed seams to mask the odor of drugs; the sender's name was not connected with the return address; and the sender waived signature. A K-9 alerted to the smell of narcotics. Deputies set up a controlled delivery at the address to which the package was addressed, conducted surveillance on the residence, and watched Bierer take the package from the residence and place it in his vehicle. Burns testified that he saw the package in plain view on Bierer's back seat. Accordingly, the deputies had probable cause to stop and search the vehicle for the package and could conduct a warrantless search of the vehicle to locate the package and search it.

Because we find that law enforcement had probable cause to search the package located within Bierer's automobile without a warrant, we need not address the State's other allegation of error, namely, whether the *Leon* good-faith exception would apply to this case. See generally *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984) (exclusionary rule not applied if law enforcement reasonably relied upon search warrant).

The judgment of the district court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.