NOT DESIGNATED FOR PUBLICATION

No. 123,447

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FRANK JULIAN MARTINEZ-GUERRERO,
*Appellant*.


MEMORANDUM OPINION


Appeal from Finney District Court; WENDEL W. WURST, judge. Opinion filed January 7, 2022. Sentence vacated and case remanded with directions.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Tyler B. Pettigrew*, assistant county attorney, *Susan L. Hillier Richmeier*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before POWELL, P.J., ATCHESON, J., and RICHARD B. WALKER, S.J.


POWELL, J.: Frank Julian Martinez-Guerrero pleaded guilty to aggravated domestic battery, a severity level 7 person felony, and was sentenced to a presumptive sentence according to the severity level of his crime and his criminal history score. Martinez-Guerrero now appeals his sentence, arguing his prior 2018 conviction of criminal threat should not have been included in his criminal history, making his criminal history score incorrect and his sentence illegal. He contends the State was required to prove his prior conviction was for intentional criminal threat but failed to do so. After a

1

careful review of the record, we agree with Martinez-Guerrero. We therefore vacate his sentence and remand for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

On February 26, 2020, Martinez-Guerrero pled guilty (the journal entry of judgment erroneously shows the no-contest box checked) to one count of aggravated domestic battery for acts committed in December 2019. A presentence investigation (PSI) report was filed, calculating Martinez-Guerrero's criminal history score as A based upon three prior criminal threat convictions. Martinez-Guerrero filed an objection to the score.

At sentencing on July 20, 2020, Martinez-Guerrero again objected to the scoring of his three prior criminal threat convictions. He argued the State could not prove that the threats serving as the basis for these convictions were intentional ones, which rendered the convictions illegal and, therefore, unable to be used in the calculation of his criminal history score.

The district court agreed, in part, and found that two of Martinez-Guerrero's prior criminal threat convictions—19 CR 309 and 17 JV 6—should be excluded. For the remaining conviction—18 CR 469, a 2018 conviction from Finney County—the PSI report did not specify if Martinez-Guerrero was convicted of intentional or reckless criminal threat. Thus, the district court looked at the plea transcript from that conviction in an attempt to discern which version of the statute was applicable to the crime.

According to the plea transcript from 18 CR 469, Martinez-Guerrero pled no contest to "unlawfully and feloniously commit[ing] a threat to commit violence with the intent of placing Jason Chase [a law enforcement officer] in fear or with reckless disregard of causing such fear." At that plea hearing, the State provided the following factual basis:

2

"[W]e would present evidence that the Garden City Police Department sent officers to a residence on Chesterfield here in Garden City, Finney County, Kansas, on October 27th of 2018. At that time they were looking for Mr. Martinez. That they had contact with him in the home. That during that confrontation that he had with law enforcement, he did threaten to shoot Jason Chase. That he said that during this altercation they had with him in reference to him not complying to their orders for him to come forward as they did have a warrant to arrest him. That this all occurred in and around the residence on that Chesterfield Street."

When arguing this prior criminal threat conviction should be included in Martinez-Guerrero's criminal history score calculation, the State argued:

"Your Honor, on [case] 18 CR 469, we are arguing that in fact it does count because of the situation involving the facts in this case. He is being arrested. He does state to the law enforcement officer that he's going to shoot him. That—that is a direct threat to the officer at the time. It's not some, oh, I randomly spoke something in the general population. He was directing that statement directly to Officer Chase at the time when he was highly agitated. That indicates that it was done—it was not done recklessly. So we believe that the—the conviction in the—that case should count on his criminal history."

The district court held that Martinez-Guerrero was challenging the sufficiency of the evidence of the prior conviction and, therefore, reviewed "the facts in the light most favorable to the State to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt" of the intentional criminal threat. In so doing, the district court held that the 2018 criminal threat conviction could be included in Martinez-Guerrero's criminal history score because the facts presented established beyond a reasonable doubt that Martinez-Guerrero wanted Chase to believe that he intended to act violently. The district judge elaborated:

3

"*State v. Williams*, 303 Kan. [at] 762 and 763 indicates the Court's belief that intent can be inferred from circumstances presented. The uncontroverted facts in this case, evidence that the language Martinez used and the circumstances in which he threatened to shoot Officer Chase [establish] beyond a reasonable doubt that he wanted Chase to believe that the defendant intended to act violently and provide proof beyond a reasonable doubt of every fact necessary to constitute the crime of criminal threat in that he intended to place Officer Chase in fear when he communicated his threat to shoot him.

"I will therefore find the conviction of the level 9 person felony crime of criminal threat in 18 CR 469 places the defendant in the D criminal history category . . . ."

Accordingly, the district court sentenced Martinez-Guerrero to a presumptive sentence of 24 months in prison but placed him on probation from that sentence for a period of 24 months.

Martinez-Guerrero timely appeals.

## DID THE DISTRICT COURT CORRECTLY CALCULATE MARTINEZ-GUERRERO'S CRIMINAL HISTORY SCORE?

Martinez-Guerrero argues the district court erred in calculating his criminal history score as D when it included his 2018 criminal threat conviction in his criminal history. Had Martinez-Guerrero's prior criminal threat conviction not been included in his criminal history and classified as a person felony, his criminal history score would have been I, which would have resulted in a lower presumptive sentencing range. See K.S.A. 2020 Supp. 21-6804(a); K.S.A. 2020 Supp. 21-6809.

4

*Standard of Review*

A challenge to a district court's criminal history score calculation is an illegal sentence claim, which is a question of law over which we exercise unlimited review. *State v. Roberts*, 314 Kan. ___, 498 P.3d 725, 728 (2021).

*Analysis*

Before delving into Martinez-Guerrero's arguments, some background on criminal threat convictions is necessary. In *State v. Boettger*, 310 Kan. 800, 822, 450 P.3d 805 (2019), the Kansas Supreme Court held that reckless criminal threat under K.S.A. 2018 Supp. 21-5415(a)(1) was unconstitutional. And K.S.A. 2020 Supp. 21-6810(d)(9) prohibits a district court from using a prior conviction that has "since been determined unconstitutional by an appellate court" to calculate a defendant's criminal history score. The Kansas Supreme Court decided *Boettger* on October 25, 2019, before Martinez-Guerrero was sentenced on July 20, 2020.

"The legality of a sentence under K.S.A. 22-3504 is controlled by the law in effect at the time the sentence was pronounced [and] is fixed at a discrete moment in time—the moment the sentence was pronounced." *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019). Thus, when the district court calculated Martinez-Guerrero's criminal history score and pronounced sentence, a reckless criminal threat conviction was unconstitutional, so the inclusion of any prior criminal threat convictions in Martinez-Guerrero's criminal history would not have been proper unless the State could prove that they were for intentional criminal threats. Therefore, the question before us is whether Martinez-Guerrero's prior 2018 criminal threat conviction was for an intentional criminal threat.

5

Martinez-Guerrero advances two arguments in support of his claim that the district court improperly calculated his criminal history score. First, he argues the district court applied the improper standard of proof in determining if the criminal threat conviction should have been included in his criminal history. Second, he argues the district court erred in finding that the State proved his 2018 criminal threat conviction was an intentional criminal threat.

A.    *The State must prove a prior conviction by a preponderance of the evidence.*

At sentencing, the district court correctly framed the question before it as whether the 2018 threat was communicated with the intention to place another in fear. As part of its examination, the district court described the State's burden of proof in that inquiry as a challenge to the sufficiency of the evidence of the prior conviction, in which "the facts [are reviewed] in the light most favorable to the State to determine whether a rational factfinder could have found the defendant guilty [of intentional criminal threat] beyond a reasonable doubt." This burden of proof is incorrect.

Martinez-Guerrero was not challenging the sufficiency of the evidence of his prior conviction per se. Rather, he was challenging whether his 2018 conviction for criminal threat was a constitutionally valid conviction and, therefore, scorable in his criminal history. In *State v. Obregon*, 309 Kan. 1267, 1275, 444 P.3d 331 (2019), the Kansas Supreme Court held that the State bears the burden of proving a defendant's criminal history by a preponderance of the evidence. See K.S.A. 2020 Supp. 21-6814; see also *State v. Louis*, 59 Kan. App. 2d 14, 25, 476 P.3d 837 (2020) (applying preponderance of evidence standard to challenge of using prior criminal threat conviction in criminal history score calculation). Thus, the district court did not apply the correct burden of proof by viewing the evidence in the light most favorable to the State to determine whether a rational fact-finder could have found Martinez-Guerrero guilty of intentional

6

criminal threat beyond a reasonable doubt. Instead, the district court should have reviewed the evidence without deference to the State and determined whether Martinez-Guerrero had been convicted of intentional criminal threat by a preponderance of the evidence.

      B.      *The evidence in the record does not support a finding that Martinez-Guerrero's prior 2018 conviction was for intentional criminal threat.*

Although the district court did not place the correct burden of proof upon the State in proving that Martinez-Guerrero's 2018 criminal threat conviction was from intentional conduct, it is of no import here because we are in as good a position as the district court to make that determination. Typically, we would review a district court's finding that the State met its burden to include a prior conviction in a defendant's criminal history for substantial competent evidence. See *Obregon*, 309 Kan. at 1275. But here, the evidence centering on whether Martinez-Guerrero's prior criminal threat conviction was intentional or reckless is uncontroverted. The State presented only the plea hearing transcript from the prior case as evidence to support its claim that the 2018 criminal threat conviction was for an intentional criminal threat. Because that evidence is uncontroverted, and we can review the transcript just as the district court did, whether Martinez-Guerrero's 2018 criminal threat conviction was based upon an intentional threat is a question of law over which we may decide de novo without deference to the district court's findings. See *State v. Bennett*, 51 Kan. App. 2d 356, 361, 347 P.3d 229 (2015) (undisputed facts contained in plea transcript; thus, question is one of law); *State v. McCammon*, 45 Kan. App. 2d 482, 488, 250 P.3d 838 (2011) (appellate court exercises de novo review over sufficiency of evidence question where facts stipulated to).

As discussed, before Martinez-Guerrero was sentenced, the Kansas Supreme Court held that reckless criminal threat under K.S.A. 2018 Supp. 21-5415(a)(1) was unconstitutional and, therefore, such a prior conviction can no longer be used in the

7

calculation of a defendant's criminal history score. *Boettger*, 310 Kan. at 822; see K.S.A. 2020 Supp. 21-6810(d)(9). However, the intentional portion of K.S.A. 2018 Supp. 21-5415(a)(1) remains.

K.S.A. 2018 Supp. 21-5415(a)(1) defines a criminal threat as

"any threat to . . . [c]ommit violence communicated with intent to place another in fear, or to cause the evacuation, lock down or disruption in regular, ongoing activities of any building, place of assembly or facility of transportation, or in reckless disregard of the risk of causing such fear or evacuation, lock down or disruption in regular, ongoing activities."

Prior to the reckless version of the statute being held unconstitutional, the criminal threat statute provided distinct alternatives for a material element of the crime, intentional or reckless states of mind. Thus, criminal threat was an alternative means crime with respect to the two mental states. *State v. Williams*, 303 Kan. 750, 761, 368 P.3d 1065 (2016) ("[T]he legislature created alternative means when it defined two mental states" in previous version of K.S.A. 2018 Supp. 21-5415[a][1].).

However, the alternative means nature of Martinez-Guerrero's prior conviction creates a legal problem because the sentencing court cannot just look at the elements of his prior 2018 criminal threat conviction to determine whether Martinez-Guerrero was convicted of the unconstitutional reckless version or the constitutional intentional version. Thus, the State bore the burden of presenting additional evidence to establish the intentional nature of the criminal threat if it wanted the prior conviction to be scored. But any fact, other than the fact of a prior conviction, which has not been proven to a jury beyond a reasonable doubt may not be used to increase a defendant's sentence beyond the statutory maximum. *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); see *State v. Gould*, 271 Kan. 394, 411, 23 P.3d 801 (2001).

To avoid this problem, district courts are permitted to look beyond just the fact of the prior conviction to determine if and how that conviction should be counted in a defendant's criminal history score. The modified categorical approach allows a district court to look at certain documents to determine which statutory alternative forms the basis for the defendant's conviction. *Obregon*, 309 Kan. at 1274. This set of documents includes "charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms." *Johnson v. United States*, 559 U.S. 133, 144, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010).

Here, the district court relied on the transcript of the plea hearing for Martinez-Guerrero's 2018 criminal threat conviction to determine whether that conviction was for intentional conduct. At that 2018 plea hearing, Martinez-Guerrero pled no contest to "unlawfully and feloniously commit[ting] a threat to commit violence with the intent of placing Jason Chase in fear or with reckless disregard of causing such fear."

At that plea hearing, the State provided the following factual basis:

"[W]e would present evidence that the Garden City Police Department sent officers to a residence on Chesterfield here in Garden City, Finney County, Kansas, on October 27th of 2018. At that time they were looking for Mr. Martinez. That they had contact with him in the home. That during that confrontation that he had with law enforcement, he did threaten to shoot Jason Chase. That he said that during this altercation they had with him in reference to him not complying to their orders for him to come forward as they did have a warrant to arrest him. That this all occurred in and around the residence on that Chesterfield Street."

Relying solely on this evidence from the plea hearing transcript, the sentencing court found that the uncontroverted facts and evidence established beyond a reasonable doubt that Martinez-Guerrero committed the crime of criminal threat "in that he intended to place Officer Chase in fear when he communicated his threat to shoot him."

9

Accordingly, the district court included the prior 2018 criminal threat conviction in the calculation of Martinez-Guerrero's criminal history score.

In support of his argument that his threat to shoot the officer was reckless and not intentional, Martinez-Guerrero cites to three cases where our appellate courts found that a threat made could have been intentional or reckless: *State v. Lindemuth*, 312 Kan. 12, 14, 19, 470 P.3d 1279 (2020) (finding evidence at trial could have supported a conviction of reckless criminal threat when defendant stated, "'I'll just shoot ya. You come up here, I'll kill you. I want my money,'" over the phone while in Topeka and victim was in Oklahoma and victim still chose to come to Topeka after threat); *State v. Johnson*, 310 Kan. 835, 837, 844, 450 P.3d 790 (2019) (finding evidence at trial could have supported a conviction of reckless criminal threat when defendant stated to his mother, after ripping the phone off the wall, "'I'm going to fucking kill your ass'"); *State v. Cardillo*, No. 120,606, 2021 WL 1149145, at *2, 5 (Kan. App. 2021) (unpublished opinion) (finding evidence at trial could have supported a conviction of reckless criminal threat when defendant stated to friend, while both were in the back of a police car, "'I will kill you'; 'This is not going to end nice 'cause I'm going to be out eventually'; and 'You know what I'm capable of'").

In those cases cited by Martinez-Guerrero, our appellate courts were attempting to resolve an alternative means problem and, thus, had to determine whether the evidence presented was sufficient to support a reckless criminal threat conviction in addition to an intentional criminal threat conviction. While those cases are contextually different than the case before us, they are still helpful because they are factually similar and give us clues as to what evidence is sufficient to convict of reckless criminal threat.

Our Supreme Court has characterized a reckless threat as one made "in the heat of argument," as "the result of unthinking rage," or "impulsive bluster . . . ." *Lindemuth*, 312 Kan. at 18. In striking down the reckless criminal threat portion of the statute,

"[A]s we said in *Boettger*, '"[A] prohibition on true threats 'protects individuals from the fear of violence' and 'from the disruption that fear engenders,' in addition to protecting people 'from the possibility that the threatened violence will occur.'" 310 Kan. at 807 (quoting *Black*, 538 U.S. at 360); 310 Kan. at 821 ('"[I]t is not enough that a reasonable person might have understood the words as a threat—a jury must find that the speaker actually intended to convey a threat.'")." *Lindemuth*, 312 Kan. at 19.

We find the limited evidence before us similar to that in *Cardillo.* The *Cardillo* panel found a direct threat made to another in close proximity in a vehicle sufficient for a jury to conclude that such a threat could be reckless. 2021 WL 1149145, at *5. Although the threat here was direct and made in close proximity, the evidence from the plea hearing transcript is not enough to establish whether Martinez-Guerrero actually intended to threaten Officer Chase or whether it was a comment made in the heat of the moment or in anger over what Martinez-Guerrero thought was an unlawful arrest. Nor is there any evidence in the record that Officer Chase experienced any fear from Martinez-Guerrero's threat. Given that we cannot be sure from the limited record before us whether Martinez-Guerrero's threat was intentional or reckless, we cannot make the affirmative finding that his 2018 criminal threat conviction was for intentional conduct. Thus, this prior conviction cannot be included in Martinez-Guerrero's criminal history, making his criminal history score incorrect.

The State attempts to avoid this result by claiming that because Martinez-Guerrero entered into a no-contest plea, he waived all nonjurisdictional defects, including constitutional rights violations. See *State v. Browning*, 245 Kan. 26, 32, 774 P.2d 935 (1989); *In re Habeas Corpus Application of Coulter*, 18 Kan. App. 2d 795, 797, 860 P.2d 51 (1993). Although '""a defendant does not expressly admit his [or her] guilt"'" under a no-contest plea, such a plea '""authorizes the court for purposes of the case to treat him [or her] as if he [or she] were guilty." During such pleas a defendant is agreeing to refrain from contesting, rather than affirmatively voicing his [or her] guilt to, the charge or

charges.' Roberts, *The Mythical Divide Between Collateral and Direct Consequences of Criminal Convictions*, 93 Minn. L. Rev. 670, 729-30 (2008)." *State v. Case*, 289 Kan. 457, 461, 213 P.3d 429 (2009). A district court is required to establish a factual basis for the crime charged before it can accept a no-contest plea. K.S.A. 2020 Supp. 22-3210(a)(4).

By entering into a no-contest plea, Martinez-Guerrero did not admit to the underlying facts of the case. Strictly speaking, Martinez-Guerrero pled no contest to reckless or intentional criminal threat. A factual basis only needed to be established for reckless or intentional criminal threat for the district court to accept Martinez-Guerrero's plea because that was how he was charged. Thus, Martinez-Guerrero's no-contest plea does not help the State in this instance because his plea does not establish which version of criminal threat he pled to—intentional or reckless criminal threat. The State still had to prove Martinez-Guerrero's prior criminal threat conviction was for an intentional threat. It failed to do so on the record before us.

Because the State has failed to establish that Martinez-Guerrero's prior 2018 conviction for criminal threat was for an intentional threat, it cannot be included in his criminal history. Thus, Martinez-Guerrero's criminal history score is incorrect and his sentence is illegal. We vacate the district court's sentence and remand for resentencing consistent with this opinion.

Sentence vacated and case remanded with directions.