NOT DESIGNATED FOR PUBLICATION

No. 125,700

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

AMANDA GAYLE KRAMER,
*Appellee*.

MEMORANDUM OPINION

Appeal from Barton District Court; CAREY L. HIPP, judge. Submitted without oral argument. Opinion filed November 22, 2023. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Ryan J. Ott*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before MALONE P.J., GARDNER and CLINE, JJ.

PER CURIAM: Amanda Gayle Kramer appeals her conviction for aggravated assault with a deadly weapon after an unsuccessful attempt in diverting the charge. Kramer contends there was insufficient evidence to support her conviction because, as part of her diversion, the parties stipulated certain pleadings and related documents would be admitted into evidence during her trial if her diversion was unsuccessful. But once her diversion was revoked and criminal proceedings were reinstated, those documents were not admitted into evidence at trial.

1

Even so, we find there was still sufficient evidence to support Kramer's conviction. Some of the referenced documents were contained in the court file and relied upon by the court in rendering its decision, including the probable cause affidavit. And as part of her diversion agreement, Kramer admitted the allegations in that affidavit were true and sufficient to support her conviction. We therefore affirm that conviction.

*Events leading to Kramer's conviction*

According to the State's probable cause affidavit supporting its criminal complaint, a patrol officer was dispatched to a fight in April 2020. Once at the scene, the victim told the officer that Kramer "grabbed a bat and was swinging it at him." The victim managed to avoid being hit with the bat and grabbed it from Kramer. Kramer was charged with aggravated assault with a deadly weapon under K.S.A. 2019 Supp. 21-5412(b)(1).

Kramer entered a diversion agreement under which the State agreed to defer criminal prosecution. As part of that agreement, Kramer stipulated to certain facts related to her criminal charge, including:

"1. The State of Kansas filed a complaint/information and affidavit in support thereof in the District Court of Barton County, Kansas, against the Defendant.

"2. The Defendant admits the factual allegations contained in the State's complaint/information and probable cause affidavit.

"3. The Defendant admits that there is sufficient evidence to support a conviction on the complaint/information.

"4. The Defendant offers no defense to said complaint/information.

"5. The complaint/information, probable cause affidavit, and any reports, documents, photographs or other evidence used by the Barton County Attorney's Office as the basis for filing the same shall be marked collectively as Exhibit No. 1 and shall be admitted into evidence as proof of all facts alleged therein.

"6. All acts relevant hereto occurred in Barton County, Kansas."

Kramer agreed if she violated any provision in her diversion agreement, the State could resume criminal proceedings and those proceedings would be based on the stipulated facts. Kramer was later charged with committing new crimes, which violated the terms of her diversion. The diversion agreement was revoked, and the State reinstated prosecution.

As agreed, the district court conducted a trial on the parties' stipulated facts. It reviewed the affidavit supporting the complaint and noted Kramer admitted the allegations in that affidavit were true and sufficient to convict her of the charged offense. It found Kramer guilty of aggravated assault with a deadly weapon and sentenced her to 24 months' probation, with an underlying sentence of 16 months' imprisonment and 12 months' postrelease supervision.

*Kramer's claim on appeal*

Kramer argues her conviction is not supported by sufficient evidence because the parties agreed in their stipulation that certain documents would be admitted into evidence at her trial but were not. These documents included: "The complaint/information, probable cause affidavit, and any reports, documents, photographs or other evidence used by the Barton County Attorney's Office as the basis for filing the same."

When the sufficiency of the evidence is challenged in a case decided on stipulated facts, appellate review is unlimited. The facts, however, are "viewed in the light most favorable to the State when testing their sufficiency." *State v. Darrow*, 304 Kan. 710, 715, 374 P.3d 673 (2016).

This is a high burden, and unless Kramer establishes the evidence is "so incredible that no reasonable fact-finder could find guilt beyond a reasonable doubt," the verdict must stand. See *State v. Meggerson*, 312 Kan. 238, 247, 474 P.3d 761 (2020).

*Kramer's stipulation of facts provide sufficient evidence to support her conviction*

At trial, the State needed to prove beyond a reasonable doubt that Kramer knowingly placed another person in reasonable apprehension of immediate bodily harm with a deadly weapon. See K.S.A. 2019 Supp. 21-5412(b)(1).

Assault is a general intent crime. *State v. Meinert*, 31 Kan. App. 2d 492, 499, 67 P.3d 850 (2003). It contains both a subjective and an objective component. Subjectively, the victim must have an apprehension of immediate bodily harm, while objectively, that apprehension must be reasonable. *State v. Holmes*, No. 120,368, 2019 WL 4725206, at *3 (Kan. App. 2019) (unpublished opinion). The use of a "deadly weapon," meanwhile, escalates assault to aggravated assault. See K.S.A. 2019 Supp. 21-5412(b)(1).

The weapon used may be completely harmless and still be deemed a deadly weapon. The deadly nature of the weapon is to be assessed from the victim's perspective and judged on whether that perspective is reasonable. See *State v. Colbert*, 244 Kan. 422, 425-26, 769 P.2d 1168 (1989) (finding defective, inoperative gun to be deadly weapon); *State v. Deutscher*, 225 Kan. 265, 271-72, 589 P.2d 620 (1979) (finding unloaded revolver to be deadly weapon); *State v. Childers*, 16 Kan. App. 2d 605, 613, 830 P.2d 50 (1991) (finding water pistol to be deadly weapon); *State v. Collins*, No. 119,522, 2019 WL 2554096, at *2 (Kan. App. 2019) (unpublished opinion) (finding pellet gun to be deadly weapon because of likeness to semiautomatic pistol).

We find Kramer is precluded from challenging the sufficiency of evidence supporting her conviction because she stipulated to the facts supporting the charge. In *State v. McCammon*, 45 Kan. App. 2d 482, 488, 250 P.3d 838 (2011), this court held that "[w]hen criminal defendants agree to stipulated facts without objection, they are precluded from arguing on appeal that the evidence was not sufficient to support the convictions if they conceded in the stipulation that the convictions were supported by

4

sufficient evidence." Kramer provided a similar stipulation as part of her diversion agreement.

The State's mistake in failing to follow the belt-and-suspenders approach the parties specified in the diversion agreement by admitting the listed documents into evidence at trial does not nullify Kramer's factual admissions. Furthermore, the complaint, affidavit, and stipulation were all in the court file, and the district court noted at trial that it had reviewed both the affidavit and stipulation. These documents provide sufficient factual basis to support her conviction, even without the other documents mentioned in the agreement.

Based on her stipulations, Kramer admitted to swinging a metal bat at the victim while they were fighting. A reasonable fact-finder could conclude the victim reasonably feared for his bodily safety when she did this, and a metal bat qualifies as a "deadly weapon" in this scenario. We therefore affirm her conviction.

Affirmed.